AUGUSTUS JONES v. M. F. JONES' HEIRS.

A judgment against an administrator in another State furnishes no right of action against an administrator or heirs in this State, to affect property which was not assets in such other State ; and it makes no difference, that the testator or intestate had resided in such other State when the suit was commenced, and had been there duly served with process.

Error from Fayette. Suit by the plaintiff in error against the defendants in error on a judgment of the Circuit Court of

Washington county, in the State of Missouri. It appeared that suit was originally commenced by the present plaintiff against the ancestor of the defendants, in the State and County aforesaid, in 1839, where the defendants' ancestor then resided, on an open account; that the defendants' ancestor was duly served with process; that in 1840 he removed to Texas, and died in 1846; that in 1847, the suit was revived against an administrator of the said ancestor, appointed in Missouri, and judgment was rendered against him, which is the judgment now sued on. This suit was commenced July 12th, 1852, the estate of the said ancestor, in this State, having been fully administered and delivered over to the defendants. It was not alleged that any property had come to the hands of the defendants, which was assets in the State of Missouri.

*F. W. Chandler*, for plaintiff in error.

*Webb & Harcourt*, for defendants in error.

WHEELER, J. The principal question presented by the record, is, whether an action will lie against the heirs and distributees of the estate of one who resided here at the time of his death, and whose estate was administered here, upon a judgment recovered abroad against a foreign ancillary administrator of the same estate.

Judge Story in his Conflict of Laws lays it down, that, " Where administrations are granted to different persons in " different States, they are so far deemed independent of each " other, that a judgment obtained against one, will furnish no " right of action against the other, to affect assets received by " the latter in virtue of his own administration; for in con- " templation of law, there is no privity between him and the " other administrator." (Story's Con. L. Sec. 522, 3d *edit.*) In Lightfoot v. Birkley, (2 Rawle, 431,) the Supreme Court of Pennsylvania decided that debt will not lie against an admin-

istrator there, on a judgment against a foreign administrator of the same intestate. Gibson, Chief Justice, said, "Did an "administrator represent the person of the intestate without "qualification or restriction, the plaintiff's argument would be "incontrovertible. But it is clear, that his commission ex-"tends only to assets of which the ordinary had jurisdiction; "and it constitutes him a representative of the intestate no "further than as regards the administration of those particular "assets. His power is but co-extensive with that of him from "whom it is derived; and it is consequently incompetent, di-"rectly or indirectly, to affect assets which belong to another "jurisdiction." (Id. 436.) This principle the Court maintains upon authority and reason; and concludes that there are insuperable objections to the action, not only in theory, but also as regards convenience, justice and sound policy. "A con-"fession of judgment, (it is said,) is an admission of assets, "which creates no liability to the other creditors, or persons "entitled to distribution; and personal liability, even to the "plaintiff, may be obviated by restraining the judgment to "assets *quando acciderant.* What, then, is to prevent collu-"sion? On the principle of the argument, even naked admis-"sions of the foreign administrator would be competent to bind "the assets here. To guard against this, the law necessarily "limits the power of an administrator to assets, for the admin-"istration of which he and his sureties are responsible." (Id. 437.) The argument of the Court in this case, seems to us unanswerable upon principle; and we are aware of no authority to the contrary. Indeed, it is evident, a contrary doctrine might be productive of great abuse and wrong in practice, and cannot be maintained upon principle. We, therefore, conclude that the judgment recovered against the ancillary administrator in Missouri gave no right of action against the administrator or the heirs in this State; and, consequently, that judgment was rightly given for the defendants.

It is not perceived that it makes any difference, that service

was obtained upon the intestate in his life time, in as much as the suit was not prosecuted to judgment against him, but the judgment was recovered after his death, against an ancillary administrator appointed in that State, who represented the intestate only as to the assets within the jurisdiction where the appointment was conferred. The effect of the personal service upon the intestate died with the person; and the judgment recovered against the administrator had no other or greater effect than if it had been recovered in a suit originally instituted against him.

We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.