Anderson v. Anderson.

WILLIAM G. ANDERSON AND ANOTHER V. SINA ANDERSON.

Where there was evidence in support of the verdict, amply sufficient to warrant the jury in their finding, and the court below refused a new trial, the judgment will not be reversed, although there was much evidence tending to an opposite conclusion from that at which the jury arrived, and this court may not be well satisfied with the correctness of their finding.

In a case for the trial of the right of property, brought under the statute regulating such proceedings, the judgment-creditor cannot change the character of the suit, and the attitude which the claimant is entitled to occupy upon the record, by joining the judgment-debtor as a party defendant. Exceptions to a petition filed for that purpose, are properly sustained.

It is well settled, that the court will not judicially take notice of the law of another state; and where there is no evidence of that law, it is not error, for the court to refuse to instruct the jury upon it.

The bill of exceptions must show the particular ruling complained of. It ought distinctly to appear, that the evidence was proposed at the proper time, and that the court refused to admit it.

Matter not assigned for error, must be deemed to have been waived, and cannot afford a ground for reversing the judgment.

APPEAL from Panola. Tried below before the Hon. Reuben A. Reeves.

This suit was for the trial of the right of property to four slaves, which were levied upon by virtue of an execution, issued

on the 12th day of May, 1856, in favor of the appellants, William G. Anderson and Samuel T. Burnes, against Bourbon B. Anderson. The property was claimed by the appellee, Mrs. Sina Anderson, who filed the oath and bond prescribed by law, for the trial of the right of property levied on by execution.

The plaintiffs alleged, in the issue presented, that the slaves levied on, were subject to the levy of their execution. The claimant denied the liability of the property to the levy, and averred that at and before the levy, she had always been the owner of the same, and that they had never belonged to the said B. B. Anderson.

The plaintiffs filed a petition, or an amendment to the pleadings, averring that Bourbon B. Anderson, before the commencement of this suit, conspired and confederated with the claimant of the property in controversy, to set up the claim which she was now asserting, to cheat and defraud them out of the debt, the collection of which they were endeavoring to enforce by the execution; which claim, they alleged, was fictitious, and intended to protect the said slaves from liability to the debts of the said Bourbon. They alleged, that the said combination still existed for the purpose aforesaid, " and to secure the negroes to said Bourbon, in fraud of the rights of Anderson and Burnes;" by reason whereof they had been hindered in the collection of their debt, for a long space of time, to their damage $5000. They prayed that the said Bourbon B. Anderson might be made a party to this suit, and be required to answer thereto; and after due proceedings, that the plaintiffs might have judgment against the said Sina and Bourbon, that the negroes were liable to the levy of the execution; and that plaintiffs might recover judgment against them for the sum of $1000 as damages, for the hindrance and delay, caused to the plaintiffs, in the collection of their debt.

To this petition the claimant excepted; and the court sustained the exceptions, as to that portion thereof which sought to make Bourbon B. Anderson a party defendant. There was

a verdict and judgment for the claimant; and a motion for a new trial, which was overruled.

*C. D. Moore* and *Donley & Anderson*, for the appellants.

*Poag & De Berry*, for the appellee.

WHEELER, C. J.—It cannot be denied, that there was much evidence, tending to an opposite conclusion, from that at which the jury have arrived. But still, there was evidence in support of the verdict, which, if the witnesses were entitled to credit, was amply sufficient to warrant the jury in their finding. The competency of the witnesses for the claimant, is not questioned, and the jury were the exclusive judges of their credibility. Although we may not be well satisfied of the correctness of the finding of the jury, upon the evidence, we cannot reverse the judgment, refusing a new trial, on account of the credit which they gave to the principal witnesses for the claimant. Their opportunities, for judging of the credibility of the witnesses, were superior to those which we possess, and it was their peculiar and exclusive province, to decide upon that question.

The court did not err, in sustaining exceptions to the petition, seeking to join the judgment-debtor with the claimant in this proceeding. That would have been to change the character of the suit, and the attitude which the claimant was entitled to occupy upon the record, without her consent.

Nor did the court err, in refusing to instruct the jury, upon the law of Alabama. There was no evidence of that law, and it is well settled, that the court will not, judicially, take notice of the law of another state.

The ground mainly relied on, for a reversal of the judgment, is, that the court refused to permit the plaintiffs to prove, that the common law was in force in the state of Alabama. But to this, it must be answered, that it does not appear by the record, that such evidence was offered, otherwise than by inference, from the statement in the bill of exceptions, that the plaintiffs

" excepted to the ruling of the court, in refusing to hear evidence," &c. It is not stated, that any such evidence was offered; and we have repeatedly decided, that the bill of exceptions must show the particular ruling complained of. It ought distinctly to appear, that the evidence was proposed at the proper time, and that the court refused to admit it. But if we would be warranted by the bill of exceptions, in revising the supposed ruling, it is an answer to this supposed ground of error, that it has not been assigned as error. It must therefore, be deemed to have been waived, and cannot afford a ground for reversing the judgment.

Judgment affirmed.