## THE NEWARK SAVINGS INSTITUTION

*v.*

## DAVID JONES'S EXECUTORS.

After a bill for the specific performance of a contract had been filed and answered, the defendant, who was a resident of New York, died. By his will, he divided his estate into five equal shares, which were to be held by his four executors and trustees for the equal benefit of his five brothers and sisters, for their lives, with remainder to their respective children. Two of the executors proved the will in New York, but it was not proved in this state. After an order in the cause, the two executors who had proved the will appeared, and, by consent of complainant, were allowed to demur.—*Held*,

(1) That their appearance estopped them from asserting that, being foreign executors, they are not amenable to suit here.

(2) That their co-executors who have not proved the will, are not necessary parties.

(3) That, under the circumstances, the *cestuis que trustent* of the executors, who are the devisees, are not necessary parties.

Bill for specific performance. On demurrer.

*Mr. J. Cross,* for demurrants.

*Mr. G. W. Hubbell,* for complainants.

THE CHANCELLOR.

This is a bill originally brought against David Jones to enforce the specific performance of a contract between him and the complainant, for the purchase by him from it of real property in Newark. He appeared to the suit and answered. He subsequently died in New York, leaving a will, by which he appointed J. Alexander Thayer, Wilson S. Hunt, Hamilton Blydenburgh and John J. Jones, executors, and directed that his whole estate be divided into five equal parts, all of which he gave to his executors, in trust for his five brothers and sisters (one of the former is the before-mentioned executor, John J. Jones) for the respective lives of the beneficiaries, with direction to transfer the same, after their death, to their respective children &c. Messrs. Thayer and Jones proved the will in New York. It has not been proved in this state. After it had been proved in New York, an order was duly made, on application in behalf of the complainant, that the suit stand revived, and that Messrs. Thayer and Jones, as executors, be made defendants therein, in the place and stead of their testator; that the complainant have leave to file an amended bill, and that the executors, Messrs. Thayer and Jones, answer the bill or signify their disclaimer of the suit and the matter in controversy therein, in thirty days after service of a copy of the order and a copy of the amended bill, and that, in default of such disclaimer, the answer filed should be taken as and for theirs. On the same day, they appeared to the suit and waived service of process on them. The bill was subsequently amended, in accordance with the leave granted. By consent, the executors were permitted to demur, notwithstanding the terms of that order, and they have filed a demurrer, on the ground of want of necessary parties (the devisees under the will), and for want of equity. On the hearing, another ground was urged, viz., that they, being foreign executors, are not amenable to the suit; and if they were, their co-executors should

be joined with them, although they have not proved the will. The objection that the bill has no equity, was very properly not urged on the hearing. The executors are necessary parties, since the purchase-money has not been paid. *Pomeroy on Cont.* § *488.* Those who have proved the will have appeared in the suit, and are therefore obviously deprived of all objection on the ground that they are foreign executors. They insist that, if they themselves are proper parties, those who were appointed co-executors with them, by the will, should be made parties also. But the latter have not proved the will. It was admitted in open court, on behalf of Messrs. Thayer and Jones, as appears by the above-mentioned order, that they alone have proved the will. The others have not accepted either the office of executor or trustee, and therefore are not proper parties. The devisees are necessary parties. *Pomeroy on Cont.* § *496.* But they are the executors themselves, to whom, as before stated, the entire estate is given in trust. The devisees are therefore parties now, and it is not necessary to make their *cestuis que trustent* parties, since no question can arise as to the power of the trustees to execute the contract (which was made by the testator), or their authority to act under it. *Fry on Spec. Perf.* § *99 ; Van Doren* v. *Robinson, 1 C. E. Gr. 256.*

The demurrer will be overruled, with costs.