WILLIAM BUCHANAN v. HEIRS OF S. A. THOMPSON.

No. 28.

1. **Right of Creditor to Sue Heirs.**—The right of a creditor to bring suit against the heirs of a decedent who have received portions of the estate under an order of distribution, was settled by the Act of 1876. Sayles' Civil Statutes, article 2035.

2. **Same.**—Where four years have not elapsed, and where there is only one debt against the estate, and no necessity for administration, and the property has been divided amongst the heirs, the creditor can bring suit directly against them, and each heir is liable to the extent of the estate received by him.

**3. Presentment to Guardian for Allowance — Parties.** — In such case the guardian may be sued, although the claim has not first been verified and presented for allowance. Any of the heirs who are of age are proper parties defendant; otherwise, they should be represented by guardian.

APPEAL from Marion. Tried below before Hon. JOHN L. SHEPPARD.

*R. R. Taylor,* for appellant.—1. A petition against the heirs of a decedent, for the recovery of a debt due by said decedent, is good in law when said petition alleges all the facts necessary to take it out of the statutory rule, that the heirs of a decedent can not be sued for the debt of their ancestor. Webster v. Willis, 56 Texas, 468; Patterson v. Allen, 50 Texas, 23; Rev. Stats., art. 1817; Mays v. Jones, 62 Texas, 365; Rogers v. Kennard, 54 Texas, 30; Evans v. Oakley, 2 Texas, 182; Boggus v. Bronson, 59 Texas, 417.

2. Every fact necessary to take the case out of the rule, that an heir can not be sued for the debt of the ancestor, is set up and alleged in appellant's petition. Rev. Stats., art. 1817; Yancy v. Batte, 48 Texas, 46; Giddings v. Steele, 28 Texas, 732.

*Schluter & Allday,* for appellees.—1. The court did not err in sustaining the general demurrer to plaintiff's petition, because this is a suit by appellant against the heirs of S. A. Thompson, deceased, and against the guardian of said minors, to recover a debt claimed to be due from said S. A. Thompson to appellant; and the plaintiff's petition shows on its face that this suit was instituted within less than one year after the death of said S. A. Thompson, and said petition alleges facts which show that an administration was necessary. Sayles' Civ. Stats., arts. 1984, 1985, 1994, 1995, 2003; Green v. Rugely, 23 Texas, 539; Ansby v. Baker, 14 Texas, 607.

2. No judgment can be rendered against a guardian in favor of a claimant upon any claim for money which has not been legally presented to the guardian, and rejected by such guardian in whole or in part. Sayles' Civ. Stats., arts. 2628, 2629, 2630, 2477, 2036; Thompson v. Brunch, 35 Texas, 21.

3. Before appellant could recover a judgment against the heirs in any case, he must show that assets belonging to the decedent have gone into the possession of the heirs. Webster v. Willis, 56 Texas, 472.

LIGHTFOOT, CHIEF JUSTICE.—This is a suit by appellant to recover of the heirs of S. A. Thompson, deceased, on an account for indebtedness of the decedent in his lifetime, alleging, that there has never been a permanent administration upon the estate, but that the assets were more than sufficient to pay the debt after taking out all prior claims; that this

is the only debt; that there was a temporary administration, and the assets sold and proceeds returned into the Probate Court; that the said funds of the estate had been apportioned by the court among the minors, and the portion of all except Samuel Thompson (who has no guardian) had been paid over to their guardian, L. S. Schutler, but that the portion of Samuel Thompson is still held by the Probate Court. There is no allegation that the claim was ever presented for allowance to the guardian of the minors. It was alleged, that there was no permanent administration upon the decedent's estate, and none necessary, because this is the only debt, and the assets had been divided out among the heirs.

The appellees filed demurrers and exceptions to the petition, which were sustained by the court below. The plaintiff declining to amend, final judgment was rendered against him on demurrer, from which he has taken an appeal to this court.

The right of a creditor to bring suit against the heirs of a decedent who have received portions of the estate, under an order of distribution, has been fully settled by statute since the Act of 1876. Sayles' Civ. Stats., art. 2035.

Before the enactment of that statute, a creditor holding a valid claim against the estate of a decedent upon which no administration was had and none necessary, could bring suit directly against the heirs and recover personal judgment against them; but not exceeding the amount of such estate received by them. This was considered an exception to the general rule, which required that the creditor should first proceed in the usual way against the estate by administration.

The older decisions were mainly upon that exception, where four years had elapsed and an administration was barred. But in the case of Patterson v. Allen, 50 Texas, 26, Judge Gould held, that where four years had not elapsed, and where there was only one debt against the estate, and no necessity for administration, and the heirs had divided the property among themselves, the creditor could bring suit directly against them, and that each heir was liable to the extent of the estate received by him. This doctrine has been so often maintained in our courts since, that it may be considered as settled in this State. Low v. Felton, 84 Texas, 378; Webster v. Willis, 56 Texas, 468; Schmidtke v. Miller, 71 Texas, 103; Campbell v. Henderson, 50 Texas, 601; Mays v. Jones, 62 Texas, 365.

Upon the question raised by appellees, that no such suit can be maintained against a guardian unless the claim is first verified and presented for allowance, Judge Stayton, in a recent opinion, has held that the law does not require such presentation. Low v. Felton, 84 Texas, 378.

The court below erred in sustaining the demurrer and exceptions of the defendants to plaintiff's petition, and upon this ground the judgment must be reversed.

Any of the heirs who may be of age are proper parties defendant; otherwise, they should be represented by guardian.

*Reversed and remanded.*

Delivered September 30, 1893.

Motion for rehearing overruled November 1, 1893.