BAKER et al. v. LYONS et al. (No. 6330.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 11, 1920. Rehearing Denied March 10, 1920.)

1. PLEADING ⬖36(3) — ADMISSION BY ANSWER THAT DEFENDANTS WERE RECEIVERS.

Where defendants in their answer described themselves as receivers of the respective railroads, such answers were admissions that defendants were receivers at the time the answers were filed.

2. RECEIVERS ⬖184 — EVIDENCE SUFFICIENT TO SHOW THAT ONLY ONE OF TWO RECEIVERS OF TWO DIFFERENT RAILROADS WAS SUCH WHEN CAUSE OF ACTION AROSE.

In an action against two different railroad companies and their receivers, evidence *held* to establish that only one of them was acting as receiver when the cause of action arose.

3. CARRIERS ⬖134—EVIDENCE SUFFICIENT TO SHOW THAT GOODS WERE RECEIVED IN GOOD ORDER.

In an action for injuries to shipment of household goods, testimony that the goods were delivered by warehousemen to initial carrier in good order, coupled with a bill of lading acknowledging receipt of the goods apparently in good order, was sufficient to show delivery to initial carrier in good order.

4. JUDGMENT ⬖253(2) — WHERE INTEREST WAS NOT CLAIMED, IT CANNOT BE ALLOWED.

In an action for injuries to a shipment of goods, where interest was not claimed on the damages from date of delivery of the damaged goods, the awarding of such interest was erroneous.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Bessie Lyons and husband against James A. Baker, receiver of the International & Great Northern Railway Company, and Phil Carroll, receiver of the Texas Pacific Railway. From a judgment for plaintiffs, defendants appeal. Affirmed as to defendant Baker, and reversed and rendered as to defendant Carroll.

T. D. Cobbs, Jr., of San Antonio, for appellants.

Guinn & McNeill, of San Antonio, for appellees.

FLY, C. J. Bessie Lyons, joined by her husband, Benjamin Lyons, instituted this suit against the International & Great Northern Railway Company and James A. Baker, its receiver, and the Texas, Pacific Railway Company to recover the value of certain household and kitchen furniture of the value of $950, which was delivered to the Texas Pacific Railway Company at Dallas, Tex., for transportation to San Antonio, Tex., and delivered them in bad condition and greatly injured after a long and negligent delay. The cause was tried by jury, and to their responses to special issues submitted by the court judgment was rendered in favor of appellees for $500, with interest from September 23, 1917.

[1, 2] The first assignment of error assails the judgment on the ground that there was no evidence that Baker was the receiver of the International & Great Northern Railway, nor that Phil Carroll was receiver of the Texas Pacific Railway. Baker and Carroll in their answer describe themselves as receivers of their respective railways. It may be taken as admitted that they were receivers when their answers were filed. Tolbert v. McBride, 75 Tex. 95, 12 S. W. 752. Clay Judy testified that he was in the employ of James A. Baker, receiver of the International & Great Northern Railway Company, as conductor, freight service, running out of San Antonio, which said position he held in August, 1917. That was the month in which the goods were shipped by appellees. Baker, receiver, made that proof. It was also sworn by G. M. Bynum that he had been in the employ of James A. Baker, receiver, since August 10, 1914, on which date Baker was appointed receiver of the International & Great Northern Railway Company. While Carroll admitted that he was receiver when he filed his answer, there was no proof whatever that he was receiver in August, 1917.

[3] The second assignment of error is to the effect that there was no testimony that the household goods were delivered to the Texas Pacific Railway Company in Dallas. M. L. Bartholomew swore that he resided in Dallas, that the goods were stored with him on June 8, 1918, and that they were in good condition and were packed by him in good condition. He further testified:

"I delivered the herein mentioned goods to the Texas & Pacific Railway Company at Dallas; they were not then broken nor damaged."

⬖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Again he stated:

"I received these goods from Mrs. Ben Lyons, and I delivered them to the Texas Pacific Railway Company at Dallas for shipment to San Antonio."

This was reiterated several times. He attached a bill of lading to his answers, which acknowledged receipt of the goods "apparently in good order" in Dallas, by the Texas Pacific Railway Company. The evidence was sufficient to show delivery to the initial carrier in good condition.

[4] Interest was not claimed on the damages alleged by appellees from the date of the delivery of the damaged goods to appellees, and yet the jury found for such interest and the same. was. included in the judgment. This was error. The question of interest was not submitted to the jury. Railway v. Addison, 96 Tex. 61, 70 S. W. 200; Railway v. Lewis, 185 S. W. 593.

The judgment is reversed as to Carroll, receiver, and judgment rendered that appellees take nothing as to him, and the judgment as to Baker is amended, so as to carry interest from its date, May 6, 1919, at 6 per cent. and, as amended, will be affirmed.

COBBS, J., did not sit in this case.