## FAULKNER et al. v. REED. (No. 6511.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 16, 1921. Rehearing Denied March 16, 1921.)

**1. Appearance ⬤⟶19(4)—Nonresident defendants by filing answers subjected themselves to court's jurisdiction.**

In action by decedent's creditor against nonresident administrator, heirs, and heirs' grantees, to foreclose creditor's lien under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3391, 3456, on land that had vested in the heirs under article 3235, and had been sold by heirs to grantees, where there was no other creditor and no heirs not parties to such action, administrator, heirs, and grantees, by filing answers, subjected themselves to the jurisdiction of the court, and waived all pleas of privilege or venue to be sued in the other state.

**2. Executors and administrators ⬤⟶525—Judgment foreclosing creditor's lien not objectionable as judgment against foreign administrator.**

In action by intestate's creditor against nonresident administrator, heirs, and heirs' grantees to foreclose creditor's lien under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3391, 3456, after such land had been sold by heirs to such grantees, judgment was not objectionable as a judgment against a foreign administrator, being a judgment in rem for the purpose of foreclosing the lien.

**3. Executors and administrators ⬤⟶525—Administrator appointed in one state not subject to jurisdiction of courts of other state.**

An administrator is the agent of the court in the jurisdiction where he is appointed, and is not subject to the jurisdiction of the courts of other state unless he voluntarily appears and submits to its jurisdiction.

**4. Abatement and revival ⬤⟶48, 71—Suit cannot be prosecuted on defendant's death without substitution of personal representative.**

Suit abates on death of the defendant, and cannot be prosecuted further without the substitution of a personal representative.

**5. Executors and administrators ⬤⟶525—Creditor's action to foreclose lien on land sold by heirs held properly brought in the district court.**

Action by intestate's creditor against nonresident administrator, heirs, and heirs' grantees, to foreclose creditor's lien, was properly brought in the district instead of the probate court, where there were no other creditors, and no heirs or parties claiming an interest in the land not parties to the action, and where the land on which the lien was sought to be foreclosed was the only land owned by the estate.

**6. Descent and distribution ⬤⟶125—Heir or devisee liable to creditor to extent of property taken, is not liable for deficiency.**

An heir or devisee, though liable to creditor of decedent to the extent of the property he takes, he is not personally liable for a deficiency after the sale of the property.

**7. Executors and administrators ⬤⟶443(4)—Creditor suing in court other than probate must state facts bringing him within jurisdiction in which he sues.**

The probate court has the exclusive jurisdiction for the settlement of estate of deceased parties, and a creditor who seeks payment of his debt outside of an administration through the courts of probate, to subject property of the estate to the payment of his debt by a suit in the courts of this state against an heir or distributee or some one in possession, or against any one who is not an administrator or executor of such estate, must state in his petition such facts as bring him within some of the exceptions to the ordinary rules of proceeding.

**8. Contracts ⬤⟶10(1)—Party bound by unilateral contract after part performance.**

A party to a contract to engage in the show business was bound thereby after it had been so far performed by both parties that other party had assumed obligations thereunder, even though the contract was unilateral.

**9. Damages ⬤⟶68—Addition of interest from time of breach of contract, to damages awarded, held improper.**

In suit for unliquidated damages for a breach of contract, it was improper to add to the verdict interest from date of breach, since interest, when allowed in such contracts, is allowed as a part of the damages.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Suit by E. B. Reed against B. M. Faulkner, for whom E. R. Faulkner, as administrator of his estate, and others, were substituted on his death. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Taylor, Forrester & Stanford, of Waco, for appellants.

Johnston & Hughes, of Waco, for appellee.

COBBS, J. This suit was instituted by appellee, E. B. Reed, on January 30, 1918, against B. M. Faulkner, alleged to be a nonresident of the state and a transient person, and an attachment was sued out and levied on 54.1 acres of land in Coleman county, Tex. After the filing of the suit, on May 24, 1918, B. M. Faulkner died, and E. R. Faulkner, as administrator, in Ohio, of the estate of B. M. Faulkner, deceased, and E. R. Faulkner as an heir, and Mary M. Faulkner as an heir and surviving widow, were made parties defendant. The suit was for damages for breach of four contracts, alleged to have been executed by B. M. Faulkner during his lifetime, to jointly engage in the show business. Laura Nyman and her husband were also made parties defendant, in order that a conveyance of the land made to her by E. R. Faulkner and Mary M. Faulkner might be set aside. All of the named parties, includ-

ing Bascom M. Faulkner, up to the time of his death, were residents of the state of Ohio at the institution of the suit, and have continuously resided in Ohio up to and including the date of the trial. Bascom M. Faulkner appeared personally in this case before his death and made defense. He died during the pendency of this suit, and after his death E. R. Faulkner, as his administrator, who administered his estate in the state of Ohio, and Mary M. Faulkner, surviving wife, the only heirs of said deceased, appeared in this case, and both filed pleadings, as did Laura Nyman and C. W. Nyman, her husband.

E. R. Faulkner appeared and filed an amended answer, in which he undertook to limit his appearance, saying he only appeared for the purpose of quashing the nonresident notice served on him; but it contains a full answer, subject to his motion to quash service, and closes with a general denial.

Mary M. Faulkner, the surviving widow, appears and "makes as her own answer the general demurrer, the special exceptions, and the general denial filed by her codefendant, E. R. Faulkner," etc. Likewise Laura Nyman appeared and filed answer.

The case was tried by the court with a jury upon special issues, and upon the answers the court entered judgment in favor of appellee against the estate of Bascom M. Faulkner, deceased, E. R. Faulkner, administrator, for $6,250, with 6 per cent. interest from January 1, 1918, and personal judgment against E. R. Faulkner and Mary M. Faulkner, heirs of Bascom M. Faulkner, deceased, jointly and in rem for the purpose of foreclosing an alleged creditor's lien on the 54.1 acres belonging to Bascom M. Faulkner at the date of his death, and canceling a conveyance of the same made to Laura Nyman, and ordering sale of said land in satisfaction of said debt. The judgment was made a severable one; that is, $3,125 of the total amount against E. R. Faulkner and Mary M. Faulkner each, as heirs, provided that, if the land did not sell for a sufficient amount to pay off the total, the deficiency should be made out of said two defendants, and the excess, if any, after the sale, was directed to be paid over to said named defendants in equal proportion.

[1] By the answers filed the defendants waived all pleas of privilege or venue that they may have had to be sued in Ohio, and thereby submitted themselves to the jurisdiction of the court for all the purposes appertaining to that jurisdiction. York v. State, 73 Tex. 657, 11 S. W. 869. They were the only representatives and heirs of that estate.

On a somewhat similar question, the United States Circuit Court of Appeals in Lackner v. McKechney, 252 Fed. 408, 164 C. C. A. 332, said:

"Assuming that under the Illinois statutes a foreign executor is not subject to suit, clearly this privilege may be waived. Weir, as executor, by filing his bill for an accounting, necessarily and expressly offered to pay what might be found due from him to the defendants; but, inasmuch as he invited the adjudication of creditors' claims, he must be held likewise to have waived any such privilege as against them. Decker v. Patton, 20 Ill. App. 210. Moreover, he filed a general demurrer for want of equity to appellants' claim. He thereby waived any personal privilege exempting him as a foreign executor from suit. Newark Savings Institution v. Jones' Executors, 35 N. J. Eq. 406; Palm's Adm'r v. Howard (Ky.) 102 S. W. 267. Cf. Lawrence v. Nelson, 143 U. S. 215, 12 Sup. Ct. 440, 36 L. Ed. 130."

Under our own statutes, when a person dies without a will, his estate vests in his heirs. Article 3235, Vernon's Sayles' Ann. Civ. St. 1914. And any creditor may sue any distributee who shall not be liable beyond his just proportion that he has received in the distribution of the estate. Articles 3391 and 3456.

The land in controversy was community property between the deceased and his said surviving wife, Mary, and no other person was interested in his estate besides the two, E. R. Faulkner and his mother, Mary, each one acquiring one-half, subject to the claims of the creditors. The deceased died in Arkansas, but resided in the state of Ohio, where his estate was administered by E. R. Faulkner, his said son, and where the principal estate was situated. Prior to the trial of this cause the said administrator filed his final account in Ohio and settled with the widow, but it is not shown that the estate was closed. Prior thereto the land in controversy had been conveyed to Laura Nyman, mother-in-law of E. R. Faulkner, for a recited consideration of $2,705.

When these defendants made their voluntary appearance, they were the sole representative owners and heirs of said estate, and they, with the Nymans, were the only parties adversely interested in the land or the estate. So we must hold they are before the court properly for all the purposes of this suit.

At the time of the trial the administration had not been formally closed, though all debts there seemed to have been paid or provided for, but the estate not distributed and divided between E. R. Faulkner, the son and only child of deceased, and Mary M. Faulkner, surviving widow.

The first assignment of appellant complains that the judgment was erroneous because there was no representative of said estate before the court.

[2] The second assignment of error complains that the court erred in rendering judgment against E. R. Faulkner, administrator of said estate in Ohio, because a foreign ad-

ministrator cannot sue or a suit be maintained against him in this state. The proposition, as an abstract or academic question, is no doubt sound, but it is not applicable here. While the judgment does in a sense have somewhat that appearance, it is not so in fact. The Ohio estate, while not entirely wound up and distributed, so far as the Faulkners were concerned, the Texas land had been sold by them to their codefendant, which was against every one save creditors, conveyed away from said estate as they had a right to do, and to that extent may be treated as administered and distributed estate between themselves. While the judgment was against the estate and the administrator, it was also in rem for the purpose of foreclosing the creditors' lien.

This judgment may be, as to the land, treated as merely descriptive, its purpose not being primarily to fix the lien of a creditor on property that belonged to an administered estate in the hands of distributees or in the hands of a fraudulent vendee of the heirs to whom such estate had been conveyed under such circumstances as to bind the estate, but, if not to do that, still it bound them by the conveyance. The form of the judgment is of slight consequence, since whoever held the land here in controversy did so in the sense of a trustee for the benefit of the creditors of that estate, even though regarded as a distribution of a portion of the estate. It was primarily a proper judgment to subject the land under the circumstances to the discharge of the claim before undertaking to hold the heirs.

[3, 4] It is true, as contended by appellant, an administrator is the agent of the court in the jurisdiction where he is appointed, and as such administrator in Ohio he is not subject to the jurisdiction of the courts of Texas unless he voluntarily appears and submits to its jurisdiction. There must be before the court a legal representative. And in cases where the suit had been instituted and proper service had, upon the death of the party such suit abates, and cannot be prosecuted further without the substitution of a personal representative. Nor can such an appearance be made by a person not so authorized. Jones v. Jones' Heirs, 15 Tex. 463; Greer et al. v. Ferguson et al., 56 Ark. 324, 19 S. W. 966.

But, as seen, the estate was wound up, so far as creditors were concerned, in Ohio, though not finally distributed. We see no reason, as said in Lackner v. McKechney, why the privilege could not be waived by the personal representative in both capacities, and why he was not lawfully empowered to defend without taking out letters in Texas, as this privilege was waived by his appearance.

The property in Texas was found to be community property of the deceased and his surviving wife. The testimony shows that E. R. and Mary M. Faulkner sold this property reciting a cash consideration, and he stated he sold it under authority of the judge of the court of Ohio, though it was not inventoried in the estate.

Under our statute, article 3456, Vernon's Sayles' Ann. Civ. St. 1914, creditors may have their right of action "against the heirs, devisees or legatees * * * not * * * beyond the value of the property they may receive in such partition and distribution."

Or under article 3391 may sue all of them "who have received any of the estate; but no one of such distributees shall be liable beyond his just proportion according to the estate he may have received."

[5] We think it sufficiently shown, under proper pleading, that there are no debts against said estate in Texas save and except this one; hence there is no necessity for an administration, to subject the 54.1 acres of land, being all the property the estate owned, which the heirs divided between themselves and sold to their codefendant. These defendants cannot complain any more than they could if they severed it from the estate by dividing it among themselves, and not selling it, for that is practically what they did. Buchanan v. Thompson's Heirs, 4 Tex. Civ. App. 236, 23 S. W. 328; Wyatt v. McLane, 37 Tex. 311; Gibson v. Oppenheim, 154 S. W. 699; Blinn v. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931. As it became necessary to set the conveyance aside, the only court that had jurisdiction to do that was the district court, and for that reason the suit was properly brought and maintainable there.

[6] While an heir or devisee may be made liable to the creditors' claim to the extent of the property he takes, we are not willing to go to the extreme of subjecting the property he receives to the creditors' debt, and then make him liable personally for a deficiency after sale of the property. We can imagine nothing more inequitable.

There is nothing in the evidence to show the value of the estate in Ohio or the value of the property that may be received by the mother and son as heirs of the estate. It does show that estate owes $5,000 exclusive of this claim, but it does not show there is not enough property in Ohio to pay it all. We think the evidence shows sufficiently that there are no more creditors of said estate in Texas, and that there is no other administration in Texas, and that there is no necessity for an administration in Texas or elsewhere as to this land, which, by the acts of the parties in trust and individual capacities, has been severed from the estate.

[7] We recognize the plain statutory laws and the decisions of our courts to the effect that the probate court has the exclusive jurisdiction for the settlement of estates of de-

ceased parties, and that, in the language of Justice Roberts in Green v. Rugley, 23 Tex. 539:

"Whenever a creditor seeks to subject the property of an estate to the payment of his debt, by bringing a suit in the courts of this state against an heir, or distributee, or some one in possession, or against any one who is not an administrator or executor of such estate, his petition must state such facts as bring him within some of the exceptions to the ordinary rules of proceeding." Zwernerman v. Rosenberg, 11 S. W. 150, opinion by Judge Gaines; Trueheart v. Savings Loan Co., 64 S. W. 1003; Ansley v. Baker, 14 Tex. 607, 65 Am. Rep. 136; McMiller v. Butler, 20 Tex. 403.

The pleading of appellee does this, and the voluntary appearance of the defendants and the proof in this case under all the authorities cited, show that the essential features of the law have been met by this proceeding, and that the trial court had jurisdiction to hear the case.

But we do not believe the judgment of the court can be sustained in so far as a personal judgment is rendered. A recovery cannot be sustained that subjects the property the heirs inherit as the basis of the suit against them, and, after exhausting the estate's property, then further penalize the heirs by a personal judgment beyond the value of the property that they received.

Appellee says in his brief:

"If the court holds that a personal judgment against them is not proper, then he asks leave to file a remittitur as to the personal judgment, or that the court reform the judgment, and affirm it as reformed."

As assignments of error from 1 to 11 raise the same questions, all of which have been fully considered in the foregoing discussion, they are overruled, except in respect to the personal judgment raised in the thirteenth assignment, which is sustained.

[8] Appellants' twelfth assignment complains that the court erred in overruling appellants' motion for new trial based on the seventh ground of the motion, that "there was no evidence to support the findings of the jury that B. M. Faulkner breached the four contracts involved in this case, for the reasons set forth in paragraph 1 of the amended motion of these defendants for judgment herein." The proposition thereunder is, it was incumbent upon appellee to prove that B. M. Faulkner withdrew his four shows without the consent of E. B. Reed, and that up to that date E. B. Reed had performed his part of said four contracts, and that he was able and willing to continue to perform his part of said four contracts. Both appellants and appellee rely on the testimony of Roy Cato and appellee Reed to support their contentions on the point. We think the proof was sufficient for the jury to find that Faulkner breached the contract and left without Reed's consent. If it be as contended by appellants in the second proposition, the contracts were unilateral in point of time, allowing either party to withdraw at any time, without regard to its effect or consequence to the other partner, and without incurring a breach of his obligation to his partner for the injury he does. Still, the contract does not bear out this construction. Each contract shows that they were to definitely continue for the season of 1917, which lasted from March until the 1st of December. It was partly performed by both parties, when the deceased abandoned the contract and removed with him his property, leaving appellee the expensive burden of proceeding, without him, with the business. The contract was not unilateral. If it had been, it had been so far performed by both, and such obligations assumed thereunder by appellee in consequence of it as to bind the deceased to his obligations under the same. Edwards et al. v. Roberts et al., 209 S. W. 247. See same case, on motion for rehearing, 212 S. W. 673. This assignment is overruled.

In assignments 14 and 15 it is complained that the court erred in rendering judgment for interest at 6 per cent. on the sum of $6,250, damages found by the jury, and judgment entered for $6,752.50, by adding the interest on the judgment from January 1, 1918. There is no specific prayer for interest, but there is a prayer for general relief.

The court submitted to the jury to find in dollars and cents the amount of damages suffered by the breach of the contract, and they answered $6,000, and then answered to the question that the reduction of the receipts for the remainder of the season of 1917 amounted to $250, and upon said findings, totalling $6,250, the court entered the judgment with 6 per cent. interest added thereto from the 1st day of January, 1918, making total amount of judgment for the total sum of $6,762.50.

[9] This was a suit for unliquidated damages for the breach of the contract, the amount to be determined by the verdict of the jury. They could have considered interest in their estimate as part of the damages, upon a proper charge. To add interest to the amount found by the jury from January 1, 1918, would thereby be increasing the amount of the verdict beyond what the jury found the damages were at the date of trial. It would have been improper to instruct the jury to add interest from the 1st day of January, 1918, to the date of trial. T. & N. O. R. R. v. Carr, 91 Tex. 334, 43 S. W. 18.

Interest when allowed in such contracts is allowed as part of the damages. We believe the court erred in adding to the verdict the interest from the 1st day of January, 1918. S. A. & A. P. Ry. Co. v. Addison, 96 Tex. 64,

70 S. W. 200; T. & N. O. R. R. Co.· v. Carr, 91 Tex. 334, 43 S. W. 18; Watkins v. Junker, 90 Tex. 586 to 588, 40 S. W. 12; Baker v. Lyons et al., 218 S. W. 1090.

This is not a case where such interest may be assessed on the amount found by the jury as damages under the general prayer for relief except from the date of the judgment.

The judgment is reversed and judgment here rendered that appellee, E. B. Reed, recover of appellants, E. R. Faulkner and Mary M. Faulkner, in rem, and not personally, the sum of $6,250, with 6 per cent. interest from the 2d day of January, 1920, and that the creditor's lien held by appellee be foreclosed on the 54.1 acres of land as against E. R. Faulkner and Mary M. Faulkner, and that all costs of this appeal be assessed against E. B. Reed, and costs of the lower court against E. R. Faulkner and Mary M. Faulkner.

Reversed and rendered.

### On Motion for Rehearing.

This suit was instituted during the lifetime of B. M. Faulkner, by attaching the land, to which suit the said B. M. Faulkner appeared and answered during his lifetime. Upon motion the attachment was quashed.

If E. R. Faulkner was the foreign administrator, and did not recognize the proceedings as valid, then there can be no reason seen why he made his voluntary appearance as he did. His answer to the merits was so complete as to justify the other defendants in adopting it. Though he tried to limit it in words, in substance, and in fact, it was a complete defense on its merits, just such as his ancestor no doubt would have made. A glance at his answer is a complete denial to his present complaint that he has been improperly subjected to the jurisdiction of the Texas court.

Strenuous complaint is made of our judgment, and we are charged in this case with not only overruling the prior opinion of this court and the Supreme Court, but all other reputable courts. Such vigorous complaints are not unknown to appellate courts. But the facts here are just to the contrary, as we not only referred to, but followed the decisions of the courts by express words. The cases most referred to by appellant that have not been followed are the cases of Jones v. Jones' Heirs, 15 Tex. 463, 65 Am. Dec. 174; Clark v. Webster, 94 S. W. 1088; Id., 100 Tex. 333, 99 S. W. 1019, 123 Am. St. Rep. 813; and Blinn v. McDonald, 92 Tex. 608, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931. We have not for a moment departed from the principles there announced, but have followed them, and said so in the opinion. As said in Blinn v. McDonald, supra:

"There is nothing in the language of the provisions above referred to indicating a legislative intent either to relieve the property that may be returned to the heir, devisee, or legatee by such trustee from the statutory lien aforesaid as to debts that may still be unsatisfied, or to charge such heir, devisee, or legatee personally therewith. But there is an intent on the face of the statute above quoted that the property in the hands of the heir, devisee, or legatee, and not any longer subject to be taken by the statutory trustee, may be passed free of such lien to a bona fide purchaser; for the statute does not undertake to extend the lien any longer than the property is 'in their hands.' In legal contemplation, it would still be 'in their hands' if the transfer were fraudulent in law, but would not be if transferred to a bona fide purchaser." Clay v. Clay, 13 Tex. 202.

The land in controversy was conveyed to Laura Nyman by E. R. Faulkner and his mother, Mary. The latter, the surviving wife of B. M. Faulkner, deceased, owned a one-half community interest in the land. No one can deny that she was not a proper party to the suit. And in no sense the personal representative of that estate as an executrix or otherwise than as the survivor in community, or entitled to an interest in Faulkner's estate. Since the apparent legal title was in Laura Nyman, who had paid no consideration other than the execution of the outstanding promissory note for the purchase money, which note was then in the hands of E. R. Faulkner, both he and his mother recognizing and affirming the sale, she was so necessary a party that it requires no more than a mere statement of the facts of the case to answer all of appellant's contention. As said in Blinn v. McDonald, supra: She made the question of the bona fides an issue. She had the right to a cancellation of the note in case of the loss of the land, which was still in E. R. Faulkner's hands, representing the consideration of the purchase. Equally appellee was entitled to all this relief to subject the land freed from such claims.

As said in Clay v. Clay, supra, there can be no good reason, under the facts of this case, showing no other debts unprovided for against the estate in Texas or Ohio, which required an administration in this state or compelled the appellee to go to Ohio. The only necessity for an administration in Texas would be to establish the debt, then proceed to set aside the sale. All this has been accomplished. Appellee was a creditor, and as such he had a creditor's lien. That is all that was foreclosed or dealt with. Unless he had brought this suit, no action could or would have been necessary. E. R. Faulkner held the note, and it was alleged by Mrs. Laura Nyman that she purchased the land in good faith, acquired title to it "as an innocent purchaser, and of this she prays judgment of the court."

It seems too clear for argument ·that the parties themselves made the district court,

by their own pleadings, not only the proper, but the only, tribunal for the disposition of this case, and the only one that, under the facts and pleadings, could administer that complete, full and adequate relief to which all the parties were entitled.

The motion for rehearing is overruled.