## THE STATE ex rel. BASKETT, Supervisor of Building and Loan Associations, v. WOODSON, Judge.

### In Banc, October 30, 1901.*

**Transfer of Case to Federal Court: CAUSES.** The transfer to a Federal court of a cause pending in a State *nisi prius* court, having and exercising jurisdiction over the subject-matter in controversy and the parties thereto, can be made by such *nisi prius* court only upon the application of a party to the suit, and as provided for by the laws of the United States. Such transfer can not be made on the theory that the Federal court has more flexible process, or that a speedier determination of the controversy may thereby be had, even though such request is asked by one who is not a resident of this State. And before a non-resident can obtain such transfer, under the act of Congress, he must file the bond there required. And this court will, in certiorari, quash the order of the *nisi prius* court directing a transfer not authorized by the United States statutes.

*Certiorari.*

ORDER OF CIRCUIT COURT QUASHED.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for relator.

NOTE:—Decided June 29, 1901. Motion for rehearing filed; overruled October 30.

The jurisdiction of State and Federal district courts are concurrent and the first court taking jurisdiction will continue in it to the exclusion of the other.    Stanhart v. Sibley, 19 Atl. Rep. 464; Works on Courts and Jurisdiction, sec. 17; Ober v. Gallagher, 93 U. S. 199; Merrill v. Lake, 16 Ohio St. 373; Booth v. Ableman, 16 Wis. 460; Powers v. Springfield, 116 Mass. 84; Desty on Removal of Causes, 74; Davis v. Life Association, 11 Fed. Rep. 781; Ward v. Todd, 103 U. S. 327; Walker v. Flint, 7 Fed. Rep. 435.    The rule is that one court of current jurisdiction has no power to interfere with the decrees and orders of other courts of the same jurisdiction. Mail v. Maxwell, 107 Ill. 554; Dodge v. Worthrope, 85 Mich. 243.    The jurisdiction of the Federal district court is statutory.    It can be exercised only in the manner granted by statute.    In re Barry, 42 Fed. Rep. 113; In re Barry, 136 U. S. 597.    It has been the rule, with hardly an exception, since the days of Chief Justice MARSHALL, that as between courts of concurrent jurisdiction the court which secures possession of the subject-matter of the litigation will retain jurisdiction unto final judgment.    Smith on Receivers, sec. 44; Byers v. McAuley, 149 U. S. 608; Porter v. Sabin, 149 U. S. 473; Moran v. Sturgis, 154 U. S. 256; Stout v. Lye, 103 U. S. 66; Ellis v. Davis, 109 U. S. 485; Krippendorf v. Hyde, 110 U. S. 276; Covell v. Heyman, 111 U. S. 176; Railroad v. Vinet, 132 U. S. 478; Heidretter v. Oilcloth Co., 112 U. S. 294; Millikin v. Barrow, 55 Fed. Rep. 148; Remington v. Printing Co., 56 Fed. Rep. 148.    Where two suits involving to a great extent the same subject-matter are brought, respectively, in a State and Federal court, that court whose process is first served obtains jurisdiction of all questions which legitimately flow out of the subject-matter in the case.    Ins. Co. v. University of Chicago, 6 Fed. Rep. 443; Shields v. Coleman, 157 U. S. 168; Central Trust Company v. Railroad, 57 Fed. Rep. 3; Adams

v. Mercantile Trust Company, 66 Fed. Rep. 617; Hughes v. Greene, 84 Fed. Rep. 833; Rodgers v. Pitt, 96 Fed. Rep. 668. A relinquishment of the right to administer upon the assets and property of the insolvent association, and a relinquishment of the duty of the receivers to report to the court, and of the court to hear and consider all actions taken by the receivers in the administration of the affairs of the estate, are not a relinquishment of jurisdiction. Indeed, it is elementary law that receivers must report to the courts which appoint them. They can not lawfully report to any other person or tribunal. It is the duty of the court appointing them to see that they make proper reports and if it is not done to remove them and appoint others. All of these duties, powers and privileges, we think, constitute questions of jurisdiction, and, when abandoned, work a complete destruction of authority and want of official duty. Harkrader v. Wadley, 172 U. S. 148; Freeman v. Howe, 24 How. 450; Buck v. Colbath, 3 Wall. 334; Taylor v. Taintor, 16 Wall. 336; ex parte Crouch, 112 U. S. 178; In re James, 6 Fed. Rep. 853. It is well settled that when a court of equity obtains jurisdiction of an action for which it is authorized to render a decree, it will hold such jurisdiction for every purpose and for a complete determination of all the rights of the parties involved in the subject-matter of the cause before it, and will exercise its power in this regard to prevent a multiplicity of suits, and especially for the purpose of giving effect to its own decree. Kilgore v. Kilgore, 103 Ala. 614; Bivins v. Marvin, 96 Ga. 268; Wilson v. Dresser, 152 Ill. 387; Griffin v. Griffin, 163 Ill. 216; Railroad v. Walton, 150 Ill. 428; Blair v. Smith, 114 Ind. 142; Vreeland v. Vreeland, 49 N. J. E. 324; Balsley v. Balsley, 116 N. C. 472. The rule is well-nigh universal that after the appointment of a receiver, the property to which the receivership relates is to be deemed *in custodia legis,* and a levy of an execution or an

attachment subsequent to such order will not be permitted, as it interferes with the receiver's right of possession. Railroad v. Lewis, 81 Tex. 1; Van Alstyne v. Cook, 25 N. Y. 496; Skinner v. Maxwell, 68 N. C. 400; Maynard v. Bond, 67 Mo. 315; Pickett v. Filer, 40 Fed. Rep. 313; Gates v. Bucki, 53 Fed. Rep. 966. The order transferring the property and the jurisdiction to the Federal court and requiring his receivers to report to that court and discharging them upon such report, being illegal, unwarranted and outside of the powers of the court, the district court, out of respect for the jurisdiction of the State court as well as of the comity which exists between them, which has heretofore been referred to, will, upon request, release its jurisdiction of the property and assets. Garner v. B. and L. Ass'n, 84 Fed. 3.

*Vinton Pike* for respondent.

BURGESS, C. J.—This is the second proceeding by certiorari in this case, the decision in the former case being reported at page 252, 61 S. W. Rep. A full statement of the facts as disclosed by the record which led to the decision in that case, to the effect that the circuit judge had no jurisdiction to make a final decree in vacation and the quashing of said decree is fully and fairly stated therein.

After the institution of the original proceedings in this case, Henry L. Gray, who was supervisor of building and loan associations in this State, died, and, thereafter, the relator Baskett, who was his successor in office, was substituted in his place.

On the sixth day of April, 1901, one George A. Cowden, who had not, theretofore, been a party to the proceedings in this case, filed in said circuit court the following petition to-wit:

"In the Circuit Court of Buchanan County, Missouri.

"State of Missouri ex rel. Henry L. Gray (now W. R. Baskett), Supervisor of Building and Loan Associations, Plaintiff,

"vs.

"The Phoenix Loan Association of St. Joseph, Missouri, A. L. Crawford, Susan Winter, Olivia M. Armstrong, Sallie Barnum, Thomas W. Ballew, Henry T. Allen, Joseph A. Jones, Frank C. McCutcheon, Lonnie T. Paley, James M. Irvin, Thomas I. Evans, Georgie B. Hill, Elizabeth Jones and Valentine Reigal, Defendants.

"Comes now George A. Cowden and shows to the court that ever since and long before the commencement of this suit, he was, and ever since has been, one of the shareholders of the defendant Phoenix Loan Association; that he was such shareholder when the intervening petition was filed herein by Crawford et al. in behalf of themselves and all other shareholders; and begs to refer to all proceedings in this cause as shown by the records and files as though the same were set forth and copied herein; and he respectfully shows to the court that he is a citizen and resident of the State of Iowa and that the Phoenix Loan Association, as shown by the record above referred to, is a corporation of the State of Missouri, having its office and place of business in Buchanan county in the State of Missouri; that he has commenced in the circuit court of the United States for the St. Joseph division of the western district of Missouri, a suit against said Phoenix Loan Association, said suit being for the object and purpose of settling and winding up the affairs of said association and to adjust the equities and rights of all parties interested in said suit, the scope of said action providing for bringing in all parties in anywise con-

cerned or interested in the property and effects of said association; that your petitioner is advised that the action proposed by him is sufficient to accomplish a speedy, full and complete adjustment of all the rights and equities of the party aforesaid. Your petitioner is further advised that it is a matter of great doubt whether such adjustment could be accomplished in this suit in its present condition and that it is certain that if it can be accomplished in this action it could not be done without an expensive and a prolonged litigation. Your petitioner has in view and it is his purpose in this suit aforesaid, to have the receivers now in charge of the estate of defendant association dealt with on just and equitable terms, and to accomplish this it will be necessary to compel confirmation of certain acts done and performed by said receivers which could only be done by obtaining jurisdiction over all parties and persons who may have any interest or right to question or object to their acts; that this object can be completely, effectually and speedily effected in your petitioner's proposed action. He, therefore, prays the court to make an order directing the receivers herein to appear in said cause instituted by your petitioner and if receivers are appointed in said suit to transfer and turn over this estate to them and to account in said cause.

"FRANK HAGERMAN, Attorney for Petitioner."

Indorsed thereon: "I hereby waive notice of this application.

"STEPHEN S. BROWN, Attorney for Defendant."

Thereupon, the said petition was heard by the court, and the following order entered of record therein:

"In the Circuit Court of Buchanan County, Missouri.

"State of Missouri ex rel. Henry L. Gray (now W. R. Bas-

,kett), Supervisor of Building and Loan Associations, Plaintiff,

"vs.

"The Phoenix Loan Association of St. Joseph, Missouri, A. L. Crawford, Susan Winter, Olivia M. Armstrong, Sallie Barnum, Thomas W. Ballew, Henry T. Allen, Joseph A. Jones, Frank G. McCutcheon, Lonnie T. Paley, James M. Irwin, Thomas I. Evans, Georgie B. Hill, Elizabeth Jones and Valentine Reigal, Defendants.

"Whereas, the decree entered in this cause on the fifteenth day of July, 1899, in so far as it undertook to direct a final disposition of this cause, having been quashed by the judgment of the Supreme Court in a proceeding on certiorari, which judgment of said Supreme Court was made final on the twenty-sixth day of March, 1901, and the mandate of said court being now filed and shown to the court and it appearing therefrom· and from the opinion and orders of said Supreme Court in reviewing the proceedings in this case and from the records and proceedings in this cause, that a large majority of the share-holders of the defendant association and the receivers herein have undertaken on the faith of said decree of July 15, 1899, to settle the affairs of said association and have made much progress therein; and it further appearing that a suit between the shareholders and the association has been instituted in the United States Circuit Court for the St. Joseph division of the western district of Missouri, for the object and purpose of winding up said association and to adjust and settle the rights and interests of all parties concerned in the estate of defendant association, according to the principles and the course and practice of courts of equity, and providing for the confirmation of the proper acts and disbursements and adjustment of the accounts of the receivers herein, and in view of the confusion and

complications likely to arise in this case and among those interested in the estate of the defendant association by reason of the annulment of said decree of July 15, 1899, aforesaid, and in view of the inadequacy of this action in its present form to completely and fully relieve and protect all parties, and in view of the desirability that speedy relief should be given all parties in interest in a suit having greater scope and more flexible process than in a special statutory action such as this action is, it is ordered that upon the appointment of a receiver or receivers in the case between the said shareholders and the defendant association represented to this court to be entitled Geo. A. Cowden, complainant, vs. the Phoenix Loan Association of St. Joseph, Missouri, the receivers herein, are directed to transfer and turn over to said receiver or receivers in said cause in which said Cowden is complainant as aforesaid, all the property and effects which they may have in their hands belonging to the defendant association, and submit to the decree and orders of said court in said cause in which said Cowden is complainant, provided said court in said last-mentioned case shall provide in its order appointing its receivers and taking jurisdiction of the estate, which is now the subject of this suit, that the receiver or receivers appointed shall be the successor or successors of the receivers herein in title and estate and as to all actions and proceedings pending so as to preserve the rights of the parties represented in such action or proceedings and shall also provide that the compensation of the receivers herein and their counsel and the special master and the clerks employed by them, which is hereby referred to said court, having jurisdiction of the cause in which Cowden is complainant, shall be adjusted and allowed as though the services rendered were rendered in said cause in which Cowden is complainant and shall assume the power and jurisdiction which this court might or could have or exercise in respect to said compensation."

Afterwards, to-wit, on the third day of April, 1901, the following report was filed in said cause to-wit:

"In the Circuit Court of Buchanan County, Missouri.

"State of Missouri ex rel. Henry L. Gray et al.
         "vs.
"The Phoenix Loan Association of St. Joseph, Missouri.

"Now come William P. Graham and Harry M. Tootle, heretofore appointed receivers by the judge of this court in the above-entitled cause, and report that in obedience to the order heretofore made directing them to turn over to receivers to be appointed in the Federal Court in the case of George A. Cowden versus the Phoenix Loan Association of St. Joseph, Missouri, all property and effects in their hands derived from said Phoenix Loan Association and in their hands as receivers heretofore appointed by this court, and report that in accordance therewith, the judge of the United States circuit court in and for the St. Joseph division of the western district of Missouri, made an order appointing them as receivers in said cause, a copy of which order is hereto attached as a part hereof; and that in obedience thereto and in obedience to the order heretofore made by this court, they have turned over to themselves as receivers under their appointment in the Federal court, all the property and assets of every kind and description formerly in their hands as receivers appointed by the judge of this court and belonging to the said Phoenix Loan Association, and have given bond and qualified as receivers in said cause in said Federal court.

"Wherefore, they pray that they may be discharged from further accounting in this court."

And on the ———— day of May, 1901, and during the reg-

ular session of said court, the following order was made and entered of record in said cause, to-wit:

"State of Missouri ex rel. Henry L. Gray et al.
    "vs.
"The Phoenix Loan Association of St. Joseph, Missouri.

"Now at this day come William P. Graham and Harry M. Tootle, who were heretofore appointed receivers in the above-entitled cause by the judge of this court and filed their report in obedience to the order heretofore made by this court, directing them to turn over to receivers to be appointed in the Federal court in the case of George A. Cowden versus The Phoenix Loan Association of St. Joseph, Missouri, all property and effects in their hands as receivers heretofore appointed by this court; and the court having seen and heard the same and it appearing that they, the said William P. Graham and Harry M. Tootle, have been appointed receivers in said cause by the judge of the United States circuit court in and for the St. Joseph division of the western district of Missouri, and that they have qualified and given bond for the faithful discharge of their duties as receivers in said Federal court, and that they have turned over to themselves as receivers under such appointment in said Federal court, all the property and assets of every kind and description formerly in their hands as receivers appointed by the judge of this court and belonging to the said Phoenix Loan Association, and the court being fully advised in the whole matter, doth find that the said receivers have fully performed all of their duties under their order of appointment as made by the judge of this court and that they have not now in their hands any money, property or assets belonging to said Phoenix Loan Association, but that the same has been, by them,

Vol 164 mo—29

turned over to themselves as receivers in the Federal court and accounted for thereto under the appointment therein as receivers aforesaid. It is, therefore, considered, adjudged and decreed that the said receivers be discharged from further answering in this court."

These orders were made without the knowledge or consent of the supervisor of building and loan associations, and the object of this proceeding is to have annulled and quashed the orders of the court transferring the case to the United States court, and ordering the receivers appointed by the circuit court to turn over to their successors appointed by the United States court all of the assets and property of the Phoenix Loan Association, and upon compliance with such order ordering their discharge, etc.

It is indisputable that the circuit court of Buchanan county had and was exercising jurisdiction of the subject-matter of controversy and of the parties to the proceeding at the time the orders in question were made by it, and it is equally clear that the facts recited in the order, to-wit: "Whereas, the decree rendered in this cause on the fifteenth day of July, 1899, in so far as it undertook to direct a final disposition of this cause, having been quashed by the judgment of the Supreme Court in a proceeding on certiorari, which judgment of said Supreme Court was made final on the twenty-sixth day of March, 1901, and the mandate of said court being now filed and shown to the court, and it appearing therefrom and from the opinions and orders of said Supreme Court in reviewing the proceedings in this case and from the records and proceedings in this cause that a large majority of the shareholders of the defendant association and the receivers herein have undertaken on the faith of said decree of July 15, 1899, to settle the affairs of said association and have made much progress therein; and it further appearing that a suit between the share-

holders and the association has been instituted in the United States circuit court for the St. Joseph division of the western district of Missouri for the object and purpose of winding up said association and to adjust and settle the rights and interests of all parties concerned in the estate of defendant association, according to the principles and the course' and practice of courts of equity, and providing for the confirmation of the proper acts and disbursements and adjustment of the accounts of the receivers herein, and in view of the confusion and complication likely to arise in this case and among those interested in the estate of the defendant association by reason of the annulment of said decree of July 15, 1899, aforesaid, and in view of the inadequacy of this action in its present form to completely and fully relieve and protect all parties, and in view of the desirability that speedy relief should be given all parties in interest in a suit having greater scope and more flexible process than in a special statutory action such as this action is," furnished no grounds whatever for the relinquishment by the court of its jurisdiction of the case, and its transfer to the United States court. It was possessed of ample powers to adjust all matters of difference between the defendant and its shareholders, as well also as to any other parties interested therein, whether legal or equitable, and the court could not at will, without any legal ground therefor, transfer the case to another court. It will be observed that the order transferring the case to the Federal court is not bottomed upon any statute of the United States or of this State, but for reasons assigned in the order, which were insufficient to authorize it.

The change of forum of a cause pending in a *nisi prius* State court, can not be made by such court to a Federal court otherwise than upon the application of a party to the suit, and as provided for by the laws of the United States, and we have been unable to find any law authorizing such change under the

facts disclosed by the record.

The only possible ground in so far as appears from the record, upon which the circuit court would have been authorized to transfer the case to the Federal court was under the act of Congress of 1875, and upon the ground that Cowden was a party to the suit, and a citizen of the State of Iowa, and that other parties to the suit were citizens of this State, if indeed the provisions of that act apply to proceedings of this character, but the order of transfer is not based upon any such ground, and even if it was, it does not appear from the record that Cowden filed, with his petition for removal, a bond with good and sufficient surety as required by said act, as a condition precedent thereto (1 Garland and Ralston's Federal Practice, p. 216) ; hence, the court, even from this view of the case, was without authority to make said order.

Our conclusion is that the order of the court in transferring the proceeding to the Federal court and in removing the receivers, and in requiring them to turn over all moneys and properties belonging to the association in their possession or under their control to their successors as such receivers, was without authority, and should be quashed.    It is so ordered.

All concur.