Nora **RODRIGUEZ** et al.

v.

**CONTINENTAL OIL COMPANY** et al.

Civ. A. No. 71-C-46.

United States District Court,
S. D. Texas,
Corpus Christi Division.

May 26, 1971.

Nago L. Alaniz, San Diego, Tex., L. H. Warburton, Jr., Alice, Tex., for plaintiff.

W. N. Woolsey, Corpus Christi, Tex., for defendant.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

■ Diversity of citizenship must exist at the time of the filing of the original action, as well as at the time of petitioning for removal. W. Barron & A. Holtzoff, 1 Federal Practice and Procedures, § 103, n. 29.1 (Wright ed., 1960). The original complaint against Continental Oil Company and the "Estate or Heirs at Law of Ernest Edward Enyart, hereinafter called Defendant" was filed on February 11, 1971, and had not been amended at the time the petition for removal was filed. If Continental Oil Company was the only Defendant actually sued, the diversity would be certain. Thus, the issue centers on whether "The Estate or Heirs at Law of Ernest Edward Enyart, hereinafter called Defendant," constituted a party or parties to the suit.

Defendant, Continental Oil Company, properly contends that the naming of an estate is improper, since an estate is not a legal entity subject to suit based upon the authority of Camellia Diced Cream Co. v. Chance, 339 S.W.2d 558 (Tex.Civ. App.—Houston 1960, no writ). There must be a legal representative of the estate before the Court; but here Plaintiff, in the alternative, sued the "heirs at law" of Ernest Edward Enyart. The petition named only the decedent's wife, Jewel Fay Enyart, as being the person who "could accept service as an heir at law of the said Ernest Edward Enyart." However, she is not sued individually or in any other capacity. It is questionable that she is, in fact, an heir. 20 Tex.Jur. 2d 103 (Descent and Distribution, Sec. 22), but there is no need to resolve the question here.

■ The assets of the Estate of Ernest Edward Enyart, if he left any at all, can be held accountable to Plaintiffs, but not under Plaintiffs' pleadings. There are no allegations as to whether his estate was only his share of the community or included his separate estate, if any. There are no allegations that he was not survived by children, who would be heirs; in such event, both the surviving widow, and the heirs, each have the right to defend for themselves. The surviving widow and all the heirs must be before the Court for a complete and

final adjudication, and each must be a party to this suit by name, not by the general term "heirs at law." Latham v. Mosley's Estate, Tex.Civ.App., 351 S.W. 2d 123, writ dism.; Barfield v. Miller, Tex.Civ.App., 70 S.W.2d 632, writ dism.; Allen v. Stovall, 94 Tex. 618, 63 S.W. 863, 64 S.W. 774.

■ Thus, the Court finds that at the time of the filing of the complaint, the alleged Defendant "Heirs at Law of Ernest Edward Enyart" did not constitute a legal entity subject to suit.

The Court concludes that "The Estate or Heirs at Law of Ernest Edward Enyart," alleged by Plaintiff as a Defendant, does not constitute a Defendant or Defendants; thus, the only Defendant in this suit is Continental Oil Company, and diversity exists. It is therefore

Ordered that the motion of Plaintiffs to remand is denied.