JOSEPHUS LOVE v. JOHN HENDERSON.

1. PRACTICE—CHANGE OF VENUE. Objections to a change of venue not made in the court below will not be heard when made for the first time in the Supreme Court.

2. PROCEEDINGS AGAINST UNKNOWN HEIRS. A suit instituted by publication against heirs whose names and residence are unknown, is not governed by the Act of March 16, 1848 (Paschal's Digest, Article 25), but by the Act of November 9, 1866 (Paschal's Digest, Article 5460); and in all cases where a recovery is sought on account of the liability of the ancestor, the petition must aver that an estate descended, and that he left heirs or other representatives to inherit his property.

APPEAL from Nueces. Tried below before the Hon. T. C. Barden.

Suit filed October 31, A.D. 1864, by John Henderson in District Court of San Patricio county, on a written contract, set out in petition, by which Love agreed to let Henderson have charge of his stock of brood mares, from the 12th of October, A.D. 1863, to the 1st day of March, A.D. 1866, on shares, as stipulated, Henderson to pay expenses of management of stock; charging, that Love, in October, A.D. 1864, with force and arms, took possession of said stock and violated said contract; claiming damages to the amount of $12,000. By amend-

ment, Michael Laughter was charged as a co-trespasser with Love, and made a party, and duly served with process. Love denied all and singular said charges. At the fall term, A.D. 1867, the death of Love being suggested, *scire facias* was ordered to issue to make his legal representatives parties. At the fall term, A.D. 1868, on motion of Henderson, supported by affidavit, that, by reason of the scarcity of jurors, Henderson could not procure a lawful jury in said county, and that during the continuance of the present war, a competent jury could not be obtained, the court ordered the change to Nueces county for trial. This affidavit and notice was made and filed in court, April 5, A.D. 1865, and acted on three years after. In August, A.D. 1872, Henderson filed affidavit for citation to the unknown heirs of Love; citation issued, and was published immediately, but no allegation was made in the pleadings that Love left heirs to inherit his estate, or that he died seized of any property.

At the November term, A.D. 1873, the court appointed John S. McCampbell special guardian for the heirs of Love. At the June term, A.D. 1874, the case was tried, and Henderson obtained a judgment for seven thousand and forty-six dollars and thirty-six cents, and all costs; and that execution issue against the heirs and successors of said deceased Love.

*Lovenskiold & McCampbell*, for appellant.

*Phillips, Lackey & Stayton*, for appellee, cited Hall *v.* Jackson, 3 Texas, 309; Bourden *v.* Houston, 2 Texas, 599.

REEVES, J. This suit was brought by appellee to recover damages in consideration of his care and attention to a stock of brood mares placed in his possession by Josephus Love, the ancestor of appellants, under a written agreement between the parties to divide the increase, and which, as alleged in the petition, Love had wrongfully taken away and converted the property to his own use, in violation of the agreement.

The death of the defendant Love was suggested, and *scire facias* was ordered to be issued to his legal representatives when known. This was at the fall term, 1867.

Before the death of Love he had made application to change the venue from the county of San Patricio, where the suit was instituted, to Nueces county. The motion was not acted on until 1868, about three years after it was made, when it was granted, and the proceedings were transferred to Nueces county. After the transfer, the plaintiff filed an affidavit suggesting the death of the defendant, and also the death of his wife, Margaret Love, since the institution of the suit, and stating that the residence of their heirs was unknown, and praying that they might be cited by publication. The citation was issued and published, as prayed for. The court appointed a guardian *ad litem* to represent the heirs. The guardian appeared and filed an amended answer, in substance, that the plaintiff, under color of the injunction which had been issued in the case, had taken and carried away from the possession of the defendant part of the stock, and converted the same to his own use, for which he claimed damages in reconvention. When the case was tried, the verdict and judgment were for the plaintiff, and the guardian of the heirs prosecuted this writ of error.

One of the errors assigned is that the venue was changed for causes not authorized by law. This objection was not made in the District Court, and will not be heard when made for the first time in this court.

It is further assigned for error that there was no allegation or proof that any estate descended from Josephus Love to his heirs. The affidavit of the plaintiff for the summons and publication against the heirs seems to have been made under a misapprehension of the statute applicable to the case. The residence of the heirs is stated as unknown, and that is given as the ground for the publication according to the Act of March 16, 1848. (Paschal's Digest, Article 25.) This article is not applicable to a proceeding against unknown heirs. The

mode of proceeding against heirs whose names are unknown, is regulated by the Act of November 9, 1866. (Paschal's Digest, Article 5460), amendatory of the Act of March 16, 1848, above referred to. This Act provides for suits by publication against heirs when any property may have been granted or may have accrued to the heirs of any deceased person and the names of such heirs are unknown. Any person having a claim against the heirs respecting such property is required to make affidavit that the names of the heirs, successors, or legal representatives of the deceased party to the suit, are unknown. When this has been done, the clerk is directed to issue the proper process. The citation issued by the clerk requires the heirs to answer the petition of John Henderson, filed against them, referring probably to the original petition against Josephus Love, or to the affidavit of the plaintiff. The heirs were not made parties by petition. The death of Love was suggested, and entered in the records of the court, with an order for a *scire facias* against his representatives, when known, and further than that the record is silent. It was not shown by petition or otherwise, that any estate descended from Josephus Love to his heirs, or even that he left heirs or other representatives to inherit his property, and this ground alone would make it necessary to reverse the judgment if the heirs had been legally cited by publication.

The judgment is reversed, and the cause remanded.

Reversed and remanded.