## MASON v. ROYAL INDEMNITY CO.

## ROYAL INDEMNITY CO. v. MASON.

### No. 9971.

Circuit Court of Appeals, Fifth Circuit.

Nov. 6, 1941.

See, also, 1 F.R.D. 176.

John L. Westmoreland, of Atlanta, Ga., for appellant.

Harry L. Greene, of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The appellant, Kenneth Mason, recovered a judgment for $650 against John Harrison, in the Superior Court of Fulton County, Georgia, for injuries sustained in an automobile accident. On his motion, this judgment was set aside because the damages were inadequate, and a new trial was granted, which resulted in a judgment in favor of Mason in the sum of $3,750. Execution against Harrison was returned nulla bona. This suit then was brought against appellee by Mason to enforce the payment of said judgment on the ground that Harrison was an additional assured under a policy of automobile liability insurance issued by the company to Mason's wife. The court below decided for appellee on the ground that the judgment sued upon was rendered by a court that had not acquired jurisdiction over the person of the defendant.

Mason's aforesaid suit in the state court was filed on February 9, 1937. Process was issued for Harrison, then twenty years of age, returnable March 1, 1937; it was not served until March 5, 1937, and no order was taken to perfect the service. Section 81-212 of the Georgia Code of 1933 requires personal service of process upon all minors over fourteen years of age in all proceedings. The service of process after the return day named therein is a nullity, appellant claims, unless the service is perfected by a court order entered during the appearance term.[1] Further contending that these provisions of the Georgia Code are mandatory, and that participation in the defense of a suit by a minor does not operate as a legal waiver of the statutory requirements relating to process,[2] appellant argues that the judgment rendered for $650 was void because of the defective service of process, and that no recovery can be had thereon. If only $650 were involved in this case, a serious question of federal jurisdiction would be presented; but it is not necessary for us to decide any of these questions, because this suit is based solely upon the second judgment in the state court.

Harrison became twenty-one years of age on July 16, 1937. The motion for a new trial, which resulted in the judgment for $3,750, was made on June 23, 1938. The service of this motion was had upon the guardian ad litem, and no service in connection with the motion was ever had upon Harrison personally. Under the Georgia law, this motion was, in effect, a new suit, and the rule nisi issuing upon its filing was required to be served personally upon the defendant.[3] This service was never waived, and no jurisdiction over the person of Harrison was ever acquired in the proceedings upon the motion for a new trial.

Since the state-court judgment sued on below was void, the judgment appealed from is affirmed.

[1] Peck v. La Roche, 86 Ga. 314, 12 S. E. 638; Bolton v. Keys, 38 Ga.App. 573, 144 S.E. 406.

[2] Reese v. Shepherd, 27 Ga. 226; Scott v. Winningham, 79 Ga. 492, 4 S.E. 390; Brown v. Tomberlin, 137 Ga. 596, 73 S. E. 947; Brown v. Anderson, 186 Ga. 220, 197 S.E. 761; Id., 186 Ga. 222, 197 S.E. 833, and cases there cited.

[3] Jones v. Fox, 49 Ga.App. 573, 176 S.E. 530; Sec. 70-306, Georgia Code of 1933.