S. L. STEDMAN et al., Appellants,

v.

INTERNATIONAL HARVESTER COMPANY et al., Appellees.

No. 10614.

Court of Civil Appeals of Texas.

Austin.

Dec. 17, 1958.

Rehearing Denied Jan. 7, 1959.

Hill, Lowry, Lee & Koster, Landon J. Lockett, Billy E. Lee, Houston, for appellants.

Bryan, Suhr & Bering, James P. Bailey, Houston, for appellees.

GRAY, Justice.

This is a venue case, however the question presented is the severability of the cause of action alleged by plaintiffs.

Plaintiffs, S. L. Stedman and James R. Miller, filed this suit in Liberty County against L. L. Karli, International Harvester Company and L. M. Fawcett individually and doing business as Fawcett Motor and Implement Company for damages for the breach of a contract to deliver to plaintiffs a properly functioning hay baler. Plaintiffs prayed for a joint and several judgment.

It was alleged that the residence of L. M. Fawcett and Fawcett Motor and Implement Company was in Liberty County; that International Harvester Company was a corporation authorized to do business in Texas with an office in Harris County, and that L. L. Karli was a district supervisor for International Harvester Company and was a resident of Texas but that the exact location of his residence was unknown. L. L. Karli filed his plea of privilege to be sued in Angelina County, the county of his residence. Plaintiffs did not controvert this plea but filed their written consent for the cause to be transferred to Angelina County. International Harvester Compa-

ny, L. M. Fawcett and Fawcett Motor and Implement Company answered to the merits. International filed an objection "to being transferred to Angelina County" and prayed that the cause as to it be retained in Liberty County. L. M. Fawcett individually and d/b/a Fawcett Motor and Implement Company filed a further pleading stating that no contest or protest was made as to the transfer of the cause to Angelina County insofar as it pertains to L. L. Karli, but alleged that the cause was severable and prayed that the cause as to L. M. Fawcett and the Implement Company be retained in Liberty County.

The trial court transferred the cause as to L. L. Karli to Angelina County but as to the other defendants it was retained in Liberty County.

Plaintiffs assert that the cause was non-severable and that the trial court erred in not transferring the cause as to all defendants.

■ Rule 89, Texas Rules of Civil Procedure, provides that if a plea of privilege is sustained the cause shall be transferred to the proper court.

"Provided, however, if the cause be severable as to parties defendant and shall be ordered transferred as to one or more defendants but not as to all, the clerk, instead of sending the original papers, shall make certified copies of such filed papers as directed by the court and forward the same to the clerk of the court to which the venue has been changed."

The quoted provision of Rule 89, supra, appears to make the transfer of the cause as to one party only dependent on the cause of action being severable as to such party. However if the cause of action alleged is joint against more than one defendant then the sustaining of a plea of privilege of one defendant has the effect of transferring the cause as to all defendants to the county where the defendant filing the plea is entitled to have it tried. Merchants Fast

Motor Lines v. Levens, Tex.Civ.App., 161 S.W.2d 853.

■ Plaintiffs alleged that in the month of June, 1957 they entered into an agreement, partly oral and partly in writing, with all defendants whereby plaintiffs agreed to deliver to the business premises of L. M. Fawcett one used hay baler which was to be accepted as the down payment, equal to $948.43 in cash, for hay baling equipment agreed to be sold by defendants to plaintiffs with a stated minimum capacity and operating speed.

"That the International Harvester Company, acting through its duly authorized agent, L. L. Karli and for the direct benefit of said company and for the purpose of inducing the sale of the above referred to equipment to Plaintiffs, made the following, among other, representations respecting said equipment and such representations were made in response to the known and stated requirements of Plaintiffs and each of such representations were joined in, confirmed or repeated by the said L. M. Fawcett: * * *."

Then followed various alleged representations and an allegation that such representations were false.

Plaintiffs further alleged that the hay baling equipment was delivered; that it failed to perform as represented and warranted it would, and that defendants failed to properly and promptly service the said equipment in accordance with their agreement to do so.

Plaintiffs alleged express and implied warranties and prayed for judgment for damages against all defendants jointly and severally and for cancellation of any obligation they might have to deliver the above mentioned hay baler to the business premises of L. M. Fawcett.

In the alternative plaintiffs alleged that if L. L. Karli was not authorized to act for International Harvester Company that

**794**

they were entitled to recover their damages from him because of his "warranty of authority."

If upon the trial L. L. Karli should be found to be the authorized agent of International Harvester Company and relieved of liability on that ground it must also be determined whether the contract was one that he was authorized to make. Also there might arise, under the pleadings, the question whether plaintiffs were misled by reckless representations of such agent as well as damages resulting to plaintiffs because of his alleged implied warranty of authority if it be found he was not in fact the agent of International. See: 2 Tex.Jur. p. 577, Sec. 167.

If plaintiffs sustain their allegations they would be entitled to recover a joint judgment against International Harvester Company and L. M. Fawcett and Fawcett Motor and Implement Company or against L. L. Karli and L. M. Fawcett and Fawcett Motor and Implement Company. Such joint judgment could not be recovered unless the defendant against whom liability is established is a party to the cause being tried Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74. In any event the question of the agency of L. L. Karli is an issue to be determined in establishing liability of International Harvester Company and failing in this then in establishing his individual liability. In either event a joint judgment against one or the other and L. M. Fawcett and the Implement Company would be authorized.

For all of the above reasons complete relief as prayed for cannot be had unless all defendants are before the court. Cornell v. Alderdice, Tex.Civ.App., 97 S.W.2d 387, and each defendant then is a necessary party. American Seed Co. v. Wilson, Tex.Civ. App., 140 S.W.2d 269.

 We recognize that our rules of civil procedure allow a trial court wide latitude in consolidating causes or in granting separate trials. See Rule 174. However that rule does not grant authority to a trial court to sever causes of action relating to joint liability. Ulmer v. Mackey, Tex.Civ.App., 242 S.W.2d 679, Er. ref., n. r. e. The fact that plaintiffs, in the alternative, sued L. L. Karli on his warranty of authority would not change this holding. Cook v. Smith, Tex.Civ.App., 96 S.W.2d 318, 336, Er. dism.

What we have said is sufficient to show that the trial court erred in severing the cause. In addition we think that the established rules in this State forbidding: a multiplicity of suits; suits to be tried piecemeal; the splitting of causes of action, and permitting joinder of causes require the judgment of the trial court to be reversed and judgment here rendered transferring this cause to the district court of Angelina County.

The judgment of the trial court is reversed and judgment is here rendered transferring this cause to the district court of Angelina County.