Marvin B. LATHAM, Appellant,

v.

ESTATE of William O. MOSLEY, Appellees.

No. 6493.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 26, 1961.

Rehearing Denied Nov. 15, 1961.

Fulmer, Fairchild & Badders, Nacogdoches, for appellant.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellees.

McNEILL, Justice.

This is a venue matter. The parties below will be designated here as they were in the trial court. Plaintiff filed suit in the district court of Nacogdoches County against one Wm. O. Mosley to recover damages for personal injuries sustained by him when struck by an automobile driven by said Mosley on a street in Nacogdoches November 14, 1958. Soon after the suit was filed it was discovered that the said Mosley had died, a resident of Louisiana, and appellant thereupon filed an amended petition making Mosley's widow, Mrs. Wm. O. Mosley, and his children, Miss Avalon Mosley, Mrs. Flonita Mosley Reeves, and Mrs. Myrtle Mosley Craig and their husbands parties defendant.

It was alleged that the action was brought against the Estate of Wm. O. Mosley, deceased, that said Mosley died intestate, that no administration had been had on his estate and none was necessary, that for several years before Mosley's death, in February, 1959, he and his widow were man and wife, and that she was his survivor in community, and that the other three named women were his sole surviving heirs and plaintiff sought damages alleged to have been sustained by him against the defendants as the legal representatives of the Estate of Wm. O. Mosley.

Defendants, Miss Avalon Mosley, Carl Reeves and wife, Mrs. Flonita Mosley Reeves, and Mrs. Wm. O. Mosley filed pleas of privilege to be sued in the county of their residence, Jefferson County, Texas. These pleas were not controverted, and on March 30, 1961, the trial court entered an order sustaining such pleas of privilege and ordering the cause transferred as to such defendants to the district court of Jefferson County, Texas.

On March 27, 1961, defendants, Doyle Craig and wife, Mrs. Myrtle Mosley Craig, filed their plea of privilege to be sued in their county of residence, Brazoria County, Texas. This plea of privilege was not controverted; however, on March 31, 1961, the plaintiff filed a motion requesting that the court order the entire cause as to all of the defendants transferred either to the district court of Jefferson County, or to the district court of Brazoria County, because the cause of action asserted against the defendants was not several or severable but joint. On June 5, 1961, the trial court filed his order, dated June 2, 1961, overruling plaintiff's said motion, sustaining the plea of privilege of the defendants, Doyle Craig and wife, Mrs. Myrtle Mosley Craig, and transferring the cause as to such defendants to the district court of Brazoria County, Texas. The plaintiff excepted to such order and has appealed therefrom.

Plaintiff asserts that since the action was a joint one against the widow and the three children that the trial court erred in failing to sustain his motion to move the entire case either to Jefferson or Brazoria County. We think the trial court should have sustained the motion.

Article 5525, R.S.1925, Vernon's Ann.Civ.St. art. 5525, provides that death shall not abate a cause of action for injuries but all such causes of action shall survive against "the person, or persons liable for such injuries and his or their legal representatives, and may be instituted and prosecuted as if such person or persons against whom same accrued were alive." It is alleged in the petition that there was no administration upon the estate of the deceased and no necessity for any, and that he left no will. Accepting these allegations as true, we must consider who should be considered "legal representatives" of the deceased within the purview of Art. 5525. If the petition had limited plaintiff's recovery to any community property that might exist, then it would appear under Sec. 160 of the Probate Code, V.A.T.S., that perhaps the surviving widow would be the only necessary party to establish liability, but the pe-

tition in this case did not so limit any liability and so the surviving widow does not have the sole right to represent the estate and defend the suit. The action is not one seeking liability against the widow, nor the children, individually. It is actually one against the deceased's estate as such. The widow and children each has the right to contest the action for the reason that each has a monetary interest in defeating the suit, for under the law of inheritance whatever property Mosley had at his death vested immediately in his widow and children, and each as to the part inherited by her would necessarily be affected by any recovery. The widow and heirs of the said Mosley are his "legal representatives" within the meaning of Art. 5525. The cases next discussed support this conclusion.

In Love v. Henderson, 42 Tex. 520, the action was one for damages by Henderson against Love for the latter's breach of contract. Before the case was tried Love died, leaving a will in which his widow, Margaret Love, was appointed executrix. She was made party defendant, but before trial of the case she died. An affidavit was then filed by plaintiff for citation to the unknown heirs of Love, but no allegation was made in the pleadings that Love left heirs to inherit his estate, or that he died seized of any property. Judgment in the trial court was rendered against those heirs and they through their special guardian appealed. The Supreme Court, in reversing the judgment said: "It was not shown by petition or otherwise, that any estate descended from Josephus Love to his heirs, or even if he left heirs or other representatives to inherit his property, and this ground alone would make it necessary to reverse the judgment if the heirs had been legally cited by publication." Before re-trial plaintiff alleged, "that at the decease of said Josephus Love he left heirs of his body to whom the above described tracts of land descended, and which said tracts of land are now held, owned, and possessed by said heirs. Said tracts of land are reasonably worth ten thousand dollars." Judgment again went against the Love heirs

who appealed and this time the Supreme Court in McCampbell v. Henderson, 50 Tex. 601 at p. 611 said: "But if there is no administration upon the estate of the defendant, and the facts show that none is necessary or desired by those interested in his estate, * * * and the heirs are in possession of his property, they are in such sense the representatives of their ancestor, that a pending action may be revived or an original suit brought against them." And at p. 613 the court further says: "The suit is maintainable against them in view of the fact that they stand in his place and are to be regarded as his representatives." See Buchanan v. Thompson's Heirs, 4 Tex.Civ.App. 236, 23 S.W. 328; Smith v. Basham, Tex.Civ.App., 227 S.W.2d 853; Allen v. Stovall, 94 Tex. 618, 63 S.W. 863. While the petition in the present case does not directly allege Mosley left an estate, this is its purport. Neither was there a direct allegation that the heirs had taken possession of any of such estate, but Sec. 37 of the Probate Code vests title in them and in order to adjudicate the rights of the parties involved, we think the heirs necessary parties. McDonald's Texas Civil Practice, Vol. 1, pp. 233–238; 43B Tex.Jur. 452.

The question recurs whether in the trial of this case less than all of the heirs who are subject to the jurisdiction of the court, may represent the estate of the deceased. The question is not easily answered. Though none of the personal parties defendant are liable individually except for such portion of the property of deceased which has come into her possession, or inherited, she would necessarily be affected by any judgment obtained. We do not see how less than all may be sufficient to a complete and final adjudication. If a judgment is obtained establishing a debt against the estate of Mosley then a lien against the property of the estate comes into existence. Jackson v. Hubert, 149 Tex. 451, 234 S.W.2d 414. Before any property could be sold as result of the judgment the court would necessarily take into consideration the most equitable manner in which the property

should be sold and the interests of the various heirs therein and make such equitable adjustment as the facts dictate. Horton v. Gibson, Tex.Civ.App., 274 S.W. 292.

Defendants urge that the trial court's action in disposing of the pleas was proper, and assert that since no controverting pleas were filed to any of the pleas of privilege the trial court had no jurisdiction other than to transfer the case as to the widow and two of the daughters to Jefferson County and as to the daughter residing in Brazoria County to that county. No evidence was heard as to the matters involved. However, plaintiff could not have successfully maintained a controverting plea under Rule 86, Texas Rules of Civil Procedure. The last part of this rule reads:

"If such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause *on the court where the cause is pending.*"

A controverting plea is one filed in order to retain the cause in "the court where the cause is pending." It is plain that since none of the defendants were guilty of any act or omission "in person" causing the accident, the suit could not have been maintained in Nacogdoches County under any exception of the venue statute. Adams v. McHam, Tex.Civ.App., 289 S.W.2d 319. See Louis v. Spain, Tex.Civ.App., 330 S.W. 2d 478.

We hold plaintiff's petition shows that it is a joint action and the court should have transferred the entire case either to Jefferson County or Brazoria County. Hickman v. Swain, 106 Tex. 431, 167 S.W. 209; Stedman v. International Harvester Co., Tex.Civ.App., 319 S.W.2d 791; Whitley v. King, Tex.Civ.App., 227 S.W.2d 241. We think this is doubly true since the rights of the parties, both plaintiffs and defendants are so closely related and connected that a multiplicity of suits and trials piecemeal should be avoided. Since the court first sustained the pleas of privilege of those defendants living in Jefferson County, and since neither of the parties indicate any choice of counties, we reverse the judgment of the trial court and sustain plaintiff's motion and order the entire case transferred to Jefferson County.