In the Interest of Bryan Bailey, Deceased

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-383-CV

IN THE INTEREST OF 

BRYAN BAILEY, DECEASED 

------------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In the heirship proceeding regarding the estate of Bryan Bailey, t
he trial court granted summary judgment in favor of Bryan’s wife, Appellee Kenda Bailey, regarding the distribution of Bryan’s estate’s assets, and his mother, Appellant Margie Bailey, appealed.  Because we hold that the trial court properly granted Kenda’s motion for summary judgment, we affirm the trial court’s judgment.

Bryan was born on May 17, 1984, and died intestate on November 7, 2002 (at age eighteen) in a car accident.  Kenda and Bryan married on May 24, 2002, shortly after Bryan’s eighteenth birthday.  Bryan had no children.
  Kenda was appointed successor administratrix of Bryan’s estate on May 18, 2004.
 In February of 2005, Kenda filed an application to determine heirship, 
claiming, among other things, a 100% heirship interest in Bryan’s separate personal property
.  Margie responded, claiming a superceding heirship interest in the settlement proceeds of a federal
 civil rights lawsuit.  That lawsuit was filed on August 29, 2000, by Margie (under the pseudonym Jane Doe) as Bryan’s next friend because Bryan was a minor at the time.
 
 Following mediation, Margie settled Bryan’s portion of the suit for $90,000 plus coverage of his medical bills.  Kenda allegedly did not participate in the mediation until notice of the settlement became public. 
 The trial court approved the settlement agreement and authorized Kenda to approve and sign it.  On May 18, 2004, Kenda signed the settlement agreement.

Kenda moved for summary judgment on her application to determine heirship, and the trial court granted her motion.  Margie appealed and in four issues 
argues that the trial court erred by granting Kenda’s motion.

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.
(footnote: 2)  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.
(footnote: 3)
 When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.
(footnote: 4)  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.
(footnote: 5)
 The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.
(footnote: 6)
 In her first issue, Margie contends that the trial court erred by granting summary judgment because 
when a minor’s next friend files suit for the minor, the next friend retains her status as legal representative after the death of the would-be plaintiff, and the proceeds of the suit should therefore pass to her.  We disagree.

Federal Rule of Civil Procedure 17(c), applicable here because the underlying lawsuit was in federal court, provides that “[a]n infant .  .  . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.”
(footnote: 7)  The authority of a representative under Rule 17(c) depends on the continued disability of the person being protected.
(footnote: 8)  “State law controls the question whether the represented party’s disability has ended during the action and once it is determined that this has occurred, the 
representative loses authority to maintain the suit on behalf of the former minor.
”
(footnote: 9)  Texas law provides that the age of majority is eighteen.
(footnote: 10)  Bryan was born on May 17, 1984, and turned eighteen on May 17, 2002, before he died. Thus, on May 17, 2002, Margie lost her authority to maintain the suit on his behalf.

In addition, Margie argues that under the Texas Civil Practice and Remedies Code (specifically, Section 71.021), Bryan’s personal injury and civil rights cause of action survived to and in favor of his legal representatives.
(footnote: 11)  Even 
if Section 71.021of the Texas Civil Practice and Remedies Code applies to Bryan’s civil rights case, it would not provide Margie relief.  That section, in relevant part, provides,

(a) A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person or because of the death of a person liable for the injury.

(b) A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable person and the person’s legal representatives.
(footnote: 12)

The definition of “legal representative” in Black’s Law Dictionary
 refers the reader to the definitions of “lawful representative” and “personal representative.”
(footnote: 13)  “Lawful representative” is defined as a “legal heir” or an “executor, administrator, or other legal representative.”
(footnote: 14)  “Personal representative” is defined as a “person who manages the legal affairs of another because of incapacity or death, such as the executor of an estate.”
(footnote: 15)
In addition, Section 3(aa) of the Texas Probate Code provides that “[p]ersonal representative” or “[r]epresentative” “includes executor, independent executor, administrator, independent administrator, temporary administrator, together with their successors.”
(footnote: 16)
 However, in 
Shepherd v. Ledford, 
this court held that 
“[n]othing in the wording of [subsection 3(aa)] suggests that it is the exclusive list of persons who may become an estate’s ‘representative.’”
(footnote: 17)  We held that the term “legal representative” includes the widow and heirs of a deceased person and that the common-law wife could maintain a suit as a legal representative of her  deceased common-law husband’s estate.
(footnote: 18)  In that case there was no administration pending, and the evidence showed that no administration was necessary because the common-law wife was the only heir of the estate.
(footnote: 19)   

We further explained in 
Stewart v. Hardie
 that:

[g]enerally, personal representatives of the decedent’s estate are the only people entitled to sue to recover estate property.  An heir may be a personal representative.  For an heir to have standing to bring a survival action within the period allowed for administration of an estate, the heir must generally plead and prove that no administration of the decedent's estate is pending and that none is necessary.  But there is an exception to this  rule:  [I]f there is no administration upon the estate .  .  .  and the facts show that none is necessary or desired by those interested in [the] estate .  .  .  and the heirs are in possession of his property, they are in such sense the representatives of their ancestor .  .  .  [and] an original suit may be brought .  .  .  .
(footnote: 20)

In 
Stewart
, a man brought a survivor action on behalf of his deceased wife as next friend of the children and community survivor of the wife’s estate.
(footnote: 21)  Unlike the party in 
Shepherd,
 he was not the only beneficiary of the estate.  In addition, the 
Stewart 
court noted that in 
Shepherd, 
an administration was not necessary as a matter of law because the surviving spouse was the only heir of the estate and there was evidence that the family had resolved the estate’s disposition.
(footnote: 22)  However, because in 
Stewart,
 the claimant was only entitled to half of the community probate estate and did not prove that no administration was pending or necessary, the court held that “an administration was necessary .  .  . and the proper party to bring the suit on behalf of the estate was the estate’s personal representative.”
(footnote: 23)
 In this case, there 
was
 an administrator appointed.  In addition, even if no administration was necessary, Margie was clearly not the only heir who would receive a share of Bryan’s estate.  Notably, under the intestacy scheme, she was not even an heir who 
could
 inherit personal property such as settlement proceeds, and she does not contest that Kenda, as Bryan’s former spouse, was generally entitled to all of Bryan’s personal property upon his death.
(footnote: 24)  In addition, she does not argue that the proceeds of the settlement are real rather than personal property.

Therefore, Margie’s authority as next friend terminated upon Bryan’s eighteenth birthday.  In addition, even as his former next friend, she is not a “legal representative” to whom the civil rights action would have survived in favor of.  We overrule her first issue.

In her second issue
, 
Margie asks the court to determine when standing was finalized for the purpose of determining who the proper plaintiff was in the civil rights lawsuit.  In other words, she wants this court to hold that she is “the only party who had the standing to claim legal representative status with respect to [Bryan’s] civil rights lawsuit.”  However, this issue is irrelevant to the heirship proceeding from which this appeal arose; we have already determined that her status as next friend terminated upon Bryan’s attaining majority and that she was not a legal representative to whom the proceeds could pass.  We overrule Margie’s second issue.

In her third issue
, 
Margie argues that 
equitable principles support the conclusion that the heir of the proceeds of a lawsuit is set as of the date the lawsuit is commenced.  Specifically, she contends that the “relation-back” doctrine analyzed in 
Lovato v. Austin Nursing Center, Inc.
(footnote: 25) should apply to set the date for determining Bryan’s heirs as of the time of the injuries that were the basis of the civil rights lawsuit.  However, the 
Lovato
 case applies the doctrine to a situation quite distinct from ours.  In that case, an heir-at-law of the decedent brought a medical negligence survival action before she was appointed as administrator of the estate, and she was not appointed administrator of the estate until after the statute of limitations had run on the cause of action.
(footnote: 26)  The court applied the relation-back doctrine to give her standing to sue although she did not qualify as the estate’s representative until later.
(footnote: 27)
 We agree with Kenda that this doctrine and the 
Lovato 
case are inapplicable to our case.  Margie was never appointed administrator of Bryan’s estate, and even lost her authority as his next friend upon his turning eighteen, months before his death.  We overrule her third issue.

In her fourth issue, Margie contends that 
equitable principles support the conclusion that a potential legal representative’s failure to challenge the existing legal representative’s standing waives her right to claim an heirship interest in the proceeds of the lawsuit.  We disagree.

The procedures for an heir to disclaim or renounce
 
property receivable from a decedent are set forth in Section 37A of the Texas Probate Code.
(footnote: 28)  Kenda did not perform any acts contained therein to disclaim her interest in Bryan’s estate.  Moreover, Kenda and Bryan were not married at the time of the incident that formed the basis of Bryan’s suit, nor at the time the suit was filed.  In Kenda’s brief, she correctly asserts and “admit[s] [that she] had no standing to pursue any case on his behalf or her behalf under the Civil Rights statutes.” Thus, her failure to act could not act as a waiver, as she could not have acted before Bryan’s death.  We overrule Margie’s fourth issue.

Because we have overruled all of Margie’s issues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  May 4, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).

3:
Sw. Elec. Power Co., 
73 S.W.3d at 215.

4:
Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).

5:
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

6:
Clear Creek Basin
, 589 S.W.2d at 678.

7:
Fed. R. Civ. Proc
. 17(c) (West 1988).

8:
D.B. v. Mass, 
No. Civ. A. SA-05-CA0239XR, 2005 WL 2896460, at *1 (W.D. Tex. Nov. 1, 2005).

9:
Id.
 (emphasis added) (citing 
6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane
, 6A 
Federal Practice and Procedure
 § 1570 (2d ed. 1990);
 Spell v. William Cameron & Co., 
131 S.W. 637, 638 (Tex. Civ. App. 1910, writ ref’d); 
Oliver v. Dallas ISD
, No. Civ. A. 301CV2629N, 2003 WL 22272304, at *3 (N.D. Tex. Sept. 29, 2003)); 
see also Mason v. Royal Indem. Co., 
35 F. Supp. 477
,
 480 (N.D. Ga. 1940),
 
aff’d on other grounds
, 123 F.2d 335 (5th Cir. 1941
).

10:
Tex. Civ. Prac. & Rem. Code
 § 129.001 (Vernon 2005).

11:
See
 
id. 
§ 71.021(
a), (b).

12:
Id.

13:
Black’s Law Dictionary
 1328
 (8
th
 ed. 2004).  All three terms appear under the heading “representative.”  
Id.

14:
Id.

15:
Id.

16:
Tex. Prob. Code Ann.
 
§ 
3(aa) (Vernon 2003).

17:
Shepherd v. Ledford
, 926 S.W.2d 405, 413 (Tex. App.—Fort Worth 1996), 
aff'd
, 962 S.W.2d 28 (Tex. 1998).

18:
Id. 
at 412-14 (citing 
Latham v. Mosley's Estate
, 351 S.W.2d 123, 125 (Tex. Civ. App.—Beaumont 1961, writ dism’d)).

19:
Id.

20:
Stewart v. Hardie
, 978 S.W.2d 203, 207 (Tex. App.—Fort Worth 1998, pet. denied) (citations omitted).

21:
Id.
 
at 205-06.

22:
Id. 
at 207.

23:
Id.

24:
See 
Tex. Prob. Code Ann. § 38(
b
)(2) (Vernon 2003).

25:
Lovato v. Austin Nursing Center, Inc
., 113 S.W.3d 45, 54-56 (Tex. App.—Austin 2003, pet. granted)
, 
aff’d
, 171 S.W.3d 845 (Tex. 2005).

26:
Id. 
at 49-50.

27:
Id. 
at 55.

28:
Tex. Prob. Code Ann. § 37A (
Vernon 
2003).