COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-383-CV

 

IN
THE INTEREST OF                                                                            

BRYAN BAILEY, DECEASED 

 

 

                                              ------------

 

          FROM COUNTY COURT AT
LAW NO. 2 OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In the heirship proceeding regarding the estate
of Bryan Bailey, the trial court granted summary judgment in favor of Bryan=s wife,
Appellee Kenda Bailey, regarding the distribution of Bryan=s estate=s
assets, and his mother, Appellant Margie Bailey, appealed.  Because we hold that the trial court properly
granted Kenda=s motion for summary judgment,
we affirm the trial court=s judgment.

 








Bryan was born on May 17, 1984, and died
intestate on November 7, 2002 (at age eighteen) in a car accident.  Kenda and Bryan married on May 24, 2002,
shortly after Bryan=s eighteenth birthday.  Bryan had no children.  Kenda was appointed successor administratrix
of Bryan=s estate
on May 18, 2004.    In February of 2005,
Kenda filed an application to determine heirship, claiming, among other things,
a 100% heirship interest in Bryan=s
separate personal property.  Margie
responded, claiming a superceding heirship interest in the settlement proceeds
of a federal civil rights lawsuit.  That
lawsuit was filed on August 29, 2000, by Margie (under the pseudonym Jane Doe)
as Bryan=s next
friend because Bryan was a minor at the time.  Following mediation, Margie settled Bryan=s
portion of the suit for $90,000 plus coverage of his medical bills.  Kenda allegedly did not participate in the
mediation until notice of the settlement became public.  The trial court approved the settlement
agreement and authorized Kenda to approve and sign it.  On May 18, 2004, Kenda signed the settlement
agreement.

Kenda moved for summary judgment on her
application to determine heirship, and the trial court granted her motion.  Margie appealed and in four issues argues
that the trial court erred by granting Kenda=s
motion.








In a summary judgment case, the issue on appeal
is whether the movant met the summary judgment burden by establishing that no
genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law.[2]  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.[3]

When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[4]  Evidence that favors the movant=s
position will not be considered unless it is uncontroverted.[5]

The summary judgment will be affirmed only if the
record establishes that the movant has conclusively proved all essential
elements of the movant=s cause of action or defense as
a matter of law.[6]








In her first issue, Margie contends that the
trial court erred by granting summary judgment because when a minor=s next
friend files suit for the minor, the next friend retains her status as legal
representative after the death of the would-be plaintiff, and the proceeds of
the suit should therefore pass to her. 
We disagree.








Federal Rule of Civil Procedure 17(c), applicable
here because the underlying lawsuit was in federal court, provides that A[a]n
infant .  .  . who does not have a duly appointed
representative may sue by a next friend or by a guardian ad litem.@[7]  The authority of a representative under Rule
17(c) depends on the continued disability of the person being protected.[8]  AState
law controls the question whether the represented party=s
disability has ended during the action and once it is determined that this has
occurred, the representative loses authority to maintain the suit on behalf
of the former minor.@[9]  Texas law provides that the age of majority
is eighteen.[10]  Bryan was born on May 17, 1984, and turned
eighteen on May 17, 2002, before he died. Thus, on May 17, 2002, Margie lost
her authority to maintain the suit on his behalf.

In addition, Margie argues that under the Texas
Civil Practice and Remedies Code (specifically, Section 71.021), Bryan=s
personal injury and civil rights cause of action survived to and in favor of
his legal representatives.[11]  Even if Section 71.021of the Texas Civil
Practice and Remedies Code applies to Bryan=s civil
rights case, it would not provide Margie relief.  That section, in relevant part, provides,

(a) A cause of action for personal injury to the
health, reputation, or person of an injured person does not abate because of the
death of the injured person or because of the death of a person liable for the
injury.

(b) A personal injury
action survives to and in favor of the heirs, legal representatives, and estate
of the injured person. The action survives against the liable person and the
person=s legal representatives.[12]

 








The definition of Alegal
representative@ in Black=s Law
Dictionary refers the reader to the definitions of Alawful
representative@ and Apersonal
representative.@[13]  ALawful
representative@ is defined as a Alegal
heir@ or an Aexecutor,
administrator, or other legal representative.@[14]  APersonal
representative@ is defined as a Aperson
who manages the legal affairs of another because of incapacity or death, such
as the executor of an estate.@[15]

In addition, Section 3(aa) of the Texas Probate Code provides that A[p]ersonal
representative@ or A[r]epresentative@ Aincludes
executor, independent executor, administrator, independent administrator,
temporary administrator, together with their successors.@[16]








However, in Shepherd v. Ledford, this
court held that A[n]othing in the wording of
[subsection 3(aa)] suggests that it is the exclusive list of persons who may
become an estate=s >representative.=@[17]  We held that the term Alegal
representative@ includes the widow and heirs of
a deceased person and that the common-law wife could maintain a suit as a legal
representative of her  deceased
common-law husband=s estate.[18]  In that case there was no administration
pending, and the evidence showed that no administration was necessary because
the common-law wife was the only heir of the estate.[19]   

We further explained in Stewart v. Hardie
that:

[g]enerally, personal
representatives of the decedent=s estate are the only people entitled to sue to
recover estate property.  An heir may be
a personal representative.  For an heir
to have standing to bring a survival action within the period allowed for
administration of an estate, the heir must generally plead and prove that no
administration of the decedent's estate is pending and that none is
necessary.  But there is an exception to
this  rule:  [I]f there is no administration upon the
estate .  .  .  and
the facts show that none is necessary or desired by those interested in [the]
estate .  .  .  and
the heirs are in possession of his property, they are in such sense the representatives
of their ancestor .  .  . 
[and] an original suit may be brought . 
.  .  .[20]

 








In Stewart, a man brought a survivor
action on behalf of his deceased wife as next friend of the children and
community survivor of the wife=s
estate.[21]  Unlike the party in Shepherd, he was
not the only beneficiary of the estate. 
In addition, the Stewart court noted that in Shepherd, an
administration was not necessary as a matter of law because the surviving
spouse was the only heir of the estate and there was evidence that the family
had resolved the estate=s disposition.[22]  However, because in Stewart, the
claimant was only entitled to half of the community probate estate and did not
prove that no administration was pending or necessary, the court held that Aan
administration was necessary .  .  . and the proper party to bring the suit on
behalf of the estate was the estate=s
personal representative.@[23]

In this case, there was an administrator
appointed.  In addition, even if no
administration was necessary, Margie was clearly not the only heir who would
receive a share of Bryan=s estate.  Notably, under the intestacy scheme, she was
not even an heir who could inherit personal property such as settlement
proceeds, and she does not contest that Kenda, as Bryan=s former
spouse, was generally entitled to all of Bryan=s
personal property upon his death.[24]  In addition, she does not argue that the
proceeds of the settlement are real rather than personal property.

Therefore, Margie=s
authority as next friend terminated upon Bryan=s
eighteenth birthday.  In addition, even
as his former next friend, she is not a Alegal
representative@ to whom the civil rights action
would have survived in favor of.  We
overrule her first issue.








In her second issue, Margie asks the court
to determine when standing was finalized for the purpose of determining who the
proper plaintiff was in the civil rights lawsuit.  In other words, she wants this court to hold
that she is Athe only party who had the
standing to claim legal representative status with respect to [Bryan=s] civil
rights lawsuit.@ 
However, this issue is irrelevant to the heirship proceeding from which
this appeal arose; we have already determined that her status as next friend
terminated upon Bryan=s attaining majority and that
she was not a legal representative to whom the proceeds could pass.  We overrule Margie=s second
issue.








In her third issue, Margie argues that
equitable principles support the conclusion that the heir of the proceeds of a
lawsuit is set as of the date the lawsuit is commenced.  Specifically, she contends that the Arelation-back@
doctrine analyzed in Lovato v. Austin Nursing Center, Inc.[25]
should apply to set the date for determining Bryan=s heirs
as of the time of the injuries that were the basis of the civil rights
lawsuit.  However, the Lovato case
applies the doctrine to a situation quite distinct from ours.  In that case, an heir-at-law of the decedent
brought a medical negligence survival action before she was appointed as
administrator of the estate, and she was not appointed administrator of the
estate until after the statute of limitations had run on the cause of action.[26]  The court applied the relation-back doctrine
to give her standing to sue although she did not qualify as the estate=s
representative until later.[27]

We agree with Kenda that this doctrine and the Lovato
case are inapplicable to our case. 
Margie was never appointed administrator of Bryan=s
estate, and even lost her authority as his next friend upon his turning
eighteen, months before his death.  We
overrule her third issue.

In her fourth issue, Margie contends that equitable
principles support the conclusion that a potential legal representative=s
failure to challenge the existing legal representative=s
standing waives her right to claim an heirship interest in the proceeds of the
lawsuit.  We disagree.








The procedures for an heir to disclaim or
renounce property receivable from a decedent are set forth in Section
37A of the Texas Probate Code.[28]  Kenda did not perform any acts contained
therein to disclaim her interest in Bryan=s
estate.  Moreover, Kenda and Bryan were
not married at the time of the incident that formed the basis of Bryan=s suit,
nor at the time the suit was filed.  In
Kenda=s brief,
she correctly asserts and Aadmit[s]
[that she] had no standing to pursue any case on his behalf or her behalf under
the Civil Rights statutes.@ Thus,
her failure to act could not act as a waiver, as she could not have acted
before Bryan=s death.  We overrule Margie=s fourth
issue.

Because we have overruled all of Margie=s issues,
we affirm the trial court=s judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  May 4, 2006











[1]See Tex. R. App. P. 47.4.





[2]Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73
S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).





[3]Sw. Elec. Power Co., 73 S.W.3d at 215.





[4]Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).





[5]Great Am. Reserve Ins. Co. v. San Antonio Plumbing
Supply Co., 391 S.W.2d 41, 47 (Tex.
1965).





[6]Clear Creek Basin, 589 S.W.2d at 678.





[7]Fed. R. Civ. Proc. 17(c) (West 1988).





[8]D.B. v. Mass, No.
Civ. A. SA‑05‑CA0239XR, 2005 WL 2896460, at *1 (W.D. Tex. Nov. 1,
2005).





[9]Id.
(emphasis added) (citing 6A Charles Alan Wright, Arthur R. Miller
& Mary Kay Kane, 6A Federal Practice and
Procedure ' 1570 (2d ed. 1990);
Spell v. William Cameron & Co., 131 S.W. 637, 638 (Tex. Civ. App. 1910,
writ ref=d); Oliver v. Dallas
ISD, No. Civ. A. 301CV2629N, 2003 WL 22272304, at *3 (N.D. Tex. Sept. 29,
2003)); see also Mason v. Royal Indem. Co., 35 F. Supp. 477, 480
(N.D. Ga. 1940), aff=d on other grounds, 123 F.2d 335 (5th Cir.
1941).





[10]Tex. Civ. Prac. & Rem.
Code ' 129.001 (Vernon 2005).





[11]See id. '
71.021(a),
(b).





[12]Id.





[13]Black=s
Law Dictionary 1328 (8th ed. 2004).  All three terms
appear under the heading Arepresentative.@  Id.





[14]Id.





[15]Id.





[16]Tex. Prob. Code Ann. ' 3(aa) (Vernon 2003).





[17]Shepherd v. Ledford, 926 S.W.2d 405, 413 (Tex. App.CFort Worth 1996), aff'd, 962 S.W.2d 28 (Tex.
1998).





[18]Id. at
412-14 (citing Latham v. Mosley's Estate, 351 S.W.2d 123, 125 (Tex. Civ.
App.CBeaumont 1961, writ dism=d)).





[19]Id.





[20]Stewart v. Hardie, 978 S.W.2d 203, 207
(Tex. App.CFort Worth 1998, pet.
denied) (citations omitted).





[21]Id. at 205-06.





[22]Id. at 207.





[23]Id.





[24]See Tex. Prob. Code Ann. '
38(b)(2)
(Vernon 2003).





[25]Lovato v. Austin Nursing
Center, Inc.,
113 S.W.3d 45, 54-56 (Tex. App.CAustin 2003, pet. granted), aff=d, 171 S.W.3d 845 (Tex.
2005).





[26]Id. at
49-50.





[27]Id. at 55.





[28]Tex. Prob. Code Ann. ' 37A (Vernon 2003).